### State of Vermont v. Joseph Dana Raymond Mayer
[423 A.2d 492]

No. 191-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*John A. Rocray,* Windham County State's Attorney, and *Linda Levitt,* Deputy State's Attorney, Brattleboro, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Daniel M. Albert,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Hill, J.** The defendant was charged with two counts of unlawful mischief. 13 V.S.A. § 3701(b). The court, pursuant to 13 V.S.A. § 4814, ordered a psychiatric examination. The psychiatrist found the defendant to have been insane at the time of the alleged offenses, insane at the time of the examination, and incompetent to stand trial. As required by 13 V.S.A. § 4820, a hearing was then held to determine whether the defendant should be hospitalized. The court concluded that the defendant was in need of treatment. It dismissed the charges against the defendant, transferred his care and custody to the Commissioner of Mental Health for an indeterminate period, and ordered that a court hearing be held before

the defendant would be released from custody, pursuant to 13 V.S.A. § 4822(a). Defendant appeals this order. Although the defendant has been released from the custody of the Commissioner of Mental Health, the order of commitment is still in effect. Jurisdiction therefore lies to hear defendant's appeal. See *State* v. *O'Connell*, 136 Vt. 43, 45, 383 A.2d 624, 625 (1978).

The defendant questions the authority of the court to order initial hospitalization for an indeterminate period. He points to 13 V.S.A. § 4822(b), which directs that a hospitalization order of a person charged with a crime "shall have the same force and effect as an order issued under sections 7611–7622 of Title 18." 18 V.S.A. § 7619 provides that an initial order of hospitalization under the normal civil commitment procedures be for a period of ninety days from the date of the hearing. The defendant argues that the order of commitment violates that provision. We agree.

The State argues that although the language of 13 V.S.A. § 4822(b) seems to indicate that civilly and criminally committed persons shall be treated similarly, the specific provisions of 13 V.S.A. § 4822(a) and (c) take precedence over § 4822(b). See *Glabach* v. *Sardelli*, 132 Vt. 490, 496, 321 A.2d 1, 5 (1974).

The defendant argues that the Legislature intended to equalize procedures by harmonizing Title 13 commitment provisions with Title 18 procedures.

Different sections of the same legislative act taking effect at the same time should be harmonized if it can be done reasonably. *Richford Savings Bank & Trust Co.* v. *Thomas*, 111 Vt. 393, 400, 17 A.2d 239, 242 (1941). The "indeterminate" hospitalization order permitted under subsection (a) of 13 V.S.A. § 4822 appears to be inconsistent with the "force and effect" of the initial 90-day hospitalization limitation under 18 V.S.A. § 7619. To harmonize these provisions, we can look to another rule of statutory construction. Every statute is understood to contain by implication, if it does not by its express terms, all such provisions as are necessary to make effective the rights and privileges that it grants. *In re Bibens*, 115 Vt. 383, 392, 61 A.2d 598, 604 (1948). The Legislature in 1978 expressly provided for a 90-day limit on initial hospitali-

zation orders so as to safeguard certain rights of civil defendants. Title 13 assures criminal defendants the same status and protections given civil defendants. The initial time limitation must therefore be applied to all commitment procedures. Because we choose to give 13 V.S.A. § 4822(b) this construction, we need not address the issue of whether the equal protection guarantee in the United States Constitution would allow dissimilar treatment of criminally and civilly committed persons.

The "indeterminate" custody permitted under subsection (a) of 13 V.S.A. § 4822 was intended to allow release of a defendant by the Department of Mental Health before the expiration of ninety days. "Indeterminate" does not mean *sine die*.

The lower court order committing the defendant to the care and custody of the Department of Mental Health should have been limited to an initial period of ninety days, pursuant to 18 V.S.A. § 7619. Had such period not already expired, we would either amend the order here or remand with instructions for such amendment. But the period has so expired, and the only effective alternative is to strike the order in its entirety, without prejudice to any future proceedings.

*The order of the District Court is stricken, without prejudice to any future proceedings. To be certified forthwith.*