Bud Crossman Plumbing & Heating v. Commissioner of Taxes

[455 A.2d 799]

No. 474-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 2, 1982

Motion for Reargument Denied December 6, 1982

*John Paul Faignant* of *Miller, Norton & Cleary,* Rutland, for Plaintiff-Appellant.

*George Brooks,* Montpelier, for Defendant-Appellee.

**Peck, J.** This is an appeal by the plaintiff, a Rutland plumbing and heating contractor, from an order of the Washington Superior Court upholding a sales tax deficiency assessed against him by the Vermont Department of Taxes. Plaintiff

applied to the Commissioner of Taxes for a hearing in accordance with 32 V.S.A. § 9777. At the conclusion of the hearing, the Commissioner determined the assessment was proper under 32 V.S.A., Chapter 233, whereupon the plaintiff appealed to the superior court, 32 V.S.A. § 9817, and subsequently to this Court. We affirm.

In the regular course of business, plaintiff bought materials and supplies from various sources to be incorporated into his jobs. The invoices received from the suppliers sometimes stated an amount for the sales tax, but often they did not.

The Department assessed the deficiency based upon the invoices for taxable purchases which did not state the three percent sales tax. Of particular concern here are sales made to the plaintiff by a New York supplier who formerly had a place of business in Vermont, but has since ceased its operation in this state. Interest was added to the assessment, but no penalty was imposed. The Department seeks to collect the deficiency assessment from the plaintiff rather than from the vendor-supplier.

Plaintiff raises five issues for review. They are: (1) whether the sales tax is imposed on the vendor or the purchaser; (2) whether the state may collect the sales tax from the purchaser; (3) whether the presumption of taxability under 32 V.S.A. § 9813 applies to the facts of this case; (4) whether plaintiff was wrongfully denied access to certain confidential records of the Department; (5) whether there is here the possibility of an unconstitutional double taxation. We consider these issues in the order listed.

## I.

It is the position of the Department that the sales tax payable under Chapter 233 of Title 32 is imposed on the purchaser, not the vendor, and that the latter, under our statutory scheme, is merely the tax *collector* on behalf of the state. *Rowe-Genereux, Inc.* v. *Department of Taxes*, 138 Vt. 130, 133, 411 A.2d 1345, 1347 (1980).

Plaintiff's argument to the contrary, that the vendor is the taxpayer, is based in part on decisions by courts of other jurisdictions whose statutes are different from those in Vermont. In addition, plaintiff construes the obligation of a vendor to

pay to the state the tax collected from a purchaser, coupled with a vendor's personal liability in the event of his failure to do so, 32 V.S.A. § 9703, as an indication of legislative intent to impose the tax on the vendor.

Perhaps 32 V.S.A. § 9771, standing alone and considered out of context with the rest of Chapter 233, contains some ambiguity. It reads in part: "there shall be paid a tax of four percent upon the receipts from [various sources]." In its generic sense, "receipts" might well refer to money received by a vendor for the goods sold, thus giving some plausibility to the argument that since the purchase price is a receipt in this context, and since it is "received" by the vendor, the tax must be the responsibility of the recipient, that is, the vendor.

■ Individual statutes, however, are to be construed with others *in pari materia* as parts of one system. *In re Preseault*, 130 Vt. 343, 346, 292 A.2d 832, 834 (1972). When this is done in the instant case, the plaintiff's argument collapses.

■ The word "receipt" as used in 32 V.S.A. Chapter 233 has a special meaning, differing in some respects from the broader or generic meanings to be found in the dictionaries. It is expressly defined by 32 V.S.A. § 9701(4) to mean "the sales price of any property and the charge for any amusement taxable under this chapter [233] valued in money . . . ." Therefore, the word "receipt" as it appears in § 9771, by definition, does not refer to the person who receives the purchase price, it refers to the purchase price itself. Accordingly, § 9771 provides no support for the plaintiff's position, while several of the other statutory sections of Chapter 233, interpreted reasonably and consistently, are fatal to it.

■ It is too clear for any acceptable argument that there are two persons involved in the processing of the amount of the sales tax prior to its ultimate remission to the state: the person responsible to *pay* the amount of the tax, and the person obligated to *collect* the tax in the first instance from the payor. If this were not so (if, for example, the payor and the collector are one and the same entity) many of the relevant statutes would be virtually meaningless.

■ By definition, vendors are collectors of the sales tax.

32 V.S.A. § 9701 (14). It is so patently unlikely the legislature meant by this definition that a vendor should "collect" a tax from himself that the suggestion does not merit serious consideration. As a simple logical progression, it must be contemplated that, as in the case of all the historically unpopular tax collectors, they will collect *from* someone: the taxpayer.

If the statutes are intended to make the vendor the taxpayer, and to do no more than permit the vendor to charge the amount of the tax over against the purchaser, it is not believable that 32 V.S.A. § 9705 would have been worded as it is. This section reads in part:

> (a) Where any *purchaser* has failed to *pay* a tax . . . to the person required to *collect* the same . . . the tax shall be payable by the purchaser directly to the commissioner . . . .
>
> (b) The commissioner may . . . provide by rule that *purchasers* shall file returns and pay directly to the commissioner any tax herein imposed, at such times as returns are required to be filed and paid by persons required to collect the tax. (Emphasis added.)

Any interpretation of this language consistent with the position of the plaintiff would be a strained reading at best. Section 9705 is, however, entirely consistent with the purchaser-payor, vendor-collector interpretation of Chapter 233 urged by the State, and seemingly adopted by this Court in *Rowe-Genereux, Inc.* v. *Department of Taxes, supra.*

The personal liability of the vendor for the amount of the tax under § 9703 does not change our conclusion. This section serves only to put teeth into the vendor's responsibility to collect and pay over to the state the tax collected. Moreover, the further provisions of this section, giving the vendor a right of action against his purchaser as an aid in collecting the tax, lends still further support for our interpretation of the statutory roles of purchasers and vendors as taxpayers and collectors respectively.

In the light of the above analysis, we affirm our brief statement on the question in *Rowe-Genereux, Inc.* v. *Department of Taxes, supra,* and hold that in this state the sales tax

is imposed on the purchaser of goods and services, not on the vendor; the latter is merely the collector of the tax on behalf of the state.

## II.

Plaintiff contends next that even if the purchaser is the "taxpayer," the state's right to collect the tax lies only against the vendor and not against the purchaser. In support of this contention he again cites § 9703, which imposes personal liability on a vendor, defined in 32 V.S.A. § 9701(14) as the person required to collect sales taxes, for the tax "imposed, collected or required to be collected."

Once again, however, plaintiff is isolating one statutory section from others in the same chapter and, as a result, he interprets it out of context with the statutes which stand *in pari materia* with it. *In re Preseault, supra.* The fact that one person may incur a liability in a particular situation is quite another thing from a holding that such liability is necessarily exclusive, or that there is no right to seek recovery against another person who is otherwise equally liable.

As we indicated above, § 9703 is a device to put teeth into a vendor's duty to collect. In the absence of such a measure, a vendor might ignore his obligation with impunity. There is nothing in this statute to compel acceptance of plaintiff's interpretation that the imposition of this conditional liability, per se, makes it exclusive. Moreover, § 9705 imposes on a purchaser who fails to pay a sales tax to the vendor a duty to pay the tax directly to the state. This section carries with it, by implication, the right to assess deficiencies against the purchaser resulting from his failure to pay the taxes to the vendor. "Every statute is understood to contain by implication, if it does not by its express terms, all such provisions as are necessary to make effective the rights and privileges that it grants." *State* v. *Mayer,* 139 Vt. 176, 178, 423 A.2d 492, 493 (1980).

It would be a strange law indeed which imposes the sales tax responsibility on a buyer in the first instance, and thereafter forecloses the taxing authority from assessing his deficiencies against him. Accordingly, we hold that the State was within its rights under § 9705 in assessing the alleged

deficiency against the plaintiff. The alternative of assessing the deficiency against the vendor, based on his statutory liability under § 9703, is no more than an option; it is not exclusive.

### III.

In arguing that the presumption of taxability under 32 V.S.A. § 9813 does not apply here, plaintiff confuses the distinction between taxability on the one hand, and assessment of the tax (here as a deficiency) on the other. This confusion may be attributable in part to language appearing in *McClure Newspapers, Inc.* v. *Vermont Department of Taxes*, 132 Vt. 169, 315 A.2d 452 (1974), which he cites. In that case, we said:

> [T]he Commissioner cannot rely on a presumption of taxability under 32 V.S.A. § 9813. A careful reading of this section reveals that such a presumption is only available to the tax department when it seeks to assess a sales tax under 32 V.S.A. § 9771. Section 9813 does not refer to 32 V.S.A. § 9773, the section which allows imposition of the compensating use tax.

*Id.* at 174–75, 315 A.2d at 455.

Part of plaintiff's difficulty may arise from the fact that "assessing" a tax and "imposing" a tax may be used interchangeably. It is, therefore, necessary to examine the context in which these terms are employed, since even the legislature appears to make no distinction. In a given instance, "impose" may refer to the receipts from the sale of property, that is, the tax is *imposed* on the receipts. On the other hand, "impose" may be a reference to the person or entity responsible for payment of the tax. In the latter sense the tax is *imposed* on the purchaser.

Construed in this light, plaintiff's argument becomes an exercise in semantics. He argues that the presumption of taxability under § 9813 applies only to those taxes assessed under § 9771, and therefore does not apply here because, as he claims in his brief, "the Department of Taxes by its own admission seeks to assess the tax pursuant to 32 V.S.A. § 9778." He then relies on *McClure, supra,* for support; particularly the word-

ing "such a presumption [of taxability] is only available to the tax department when it seeks to *assess a sales tax* under 32 V.S.A. § 9771." (Emphasis added.)

The problem with this argument is twofold. At the threshold is plaintiff's bland assertion that the Department admitted it sought to assess the tax under § 9778, not § 9771. If it did, which seems unlikely since § 9778 refers neither to imposition nor to assessment but to collection, he cites nothing in the record to support this assertion. This Court is not required to search the record for support of a claim the party himself does not bother to support, and we will not do so here. *Tallarico* v. *Brett,* 137 Vt. 52, 61, 400 A.2d 959, 965 (1979). Suffice it to say that the assertion itself is probably incorrect in any event. At the hearing before the Commissioner, the Director of Tax Audits testified that "[t]he sales and use taxes are imposed under 32 V.S.A. §§ 9771 [sales], 9773 [use], and 9705 [requiring a purchaser who fails to pay the tax to the vendor, to pay directly to the Commissioner]. The assessment was made under 32 V.S.A. § 9777."

Understanding the real meaning of our holding in *McClure* may be helped by the insertion of a word which is not expressed but is understood, so as to read "such a presumption is only available to the tax department when it seeks to assess a sales tax [imposed] under 32 V.S.A. § 9771." This is the true meaning of the Court's holding, and as thus clarified, it is obvious, and we so hold, that the presumption of taxability under § 9813 applies to the receipts involved here; clearly the tax was properly *imposed* under the authority of § 9771. Accordingly the presumption of taxability attaches.

The second difficulty with the plaintiff's position is, again, one of terminology. He does not distinguish between "taxability" and payment of the tax. "Taxability" refers to the property subject to the tax, not to the person responsible for its payment. While we held above that the presumption of taxability applies here to the receipts, the issue of taxability, as such, was not raised in the lower court. The question litigated was not whether the receipts were subject to the sales

tax, but whether the tax was properly assessed against the plaintiff. Since the issue was not raised below, it is not for our consideration on appeal, *Capital Candy Co.* v. *Savard*, 135 Vt. 9, 13, 369 A.2d 1361, 1363 (1976), even if the plaintiff misunderstood the meaning of taxability.

## IV.

Plaintiff claims next that he was wrongfully denied access to certain confidential records of the Tax Department relating to the vendor involved. He argues several grounds for this claim of error.

First, he asserts that the Department's own regulations entitle him to access. He refers specifically to § 1.3102-4(A) (3)(f), which provides for disclosure of information concerning a dissolved corporation to a person with a material interest.

His reliance on this provision is quickly disposed of. While it may be true that the vendor involved had closed its operation in Vermont, it was apparently continuing its business in New York. Merely closing one branch or one operation of a continuing corporation is not dissolution. In any event, plaintiff presented no evidence that the vendor's business had dissolved. The Department had no obligations in this respect; it was not required to assist plaintiff with the preparation of his case and investigate the status of the vendor corporation.

Secondly, at the hearing before the Commissioner, the State presented certificates signed by the Director of Sales Tax. In substance these documents certified that the files of the Department had been examined and that no sales tax had been remitted by two of the plaintiff's vendors during part of the relevant period. These certificates constituted presumptive evidence that the assessed taxes had not been paid. 32 V.S.A. § 9813(b). Accordingly the burden was upon the plaintiff to rebut this statutory presumption; this he failed to do.

Plaintiff fires two rounds at these certificates; neither of them hit the target. First, he claims the statute requires that the certificate be signed by the Commissioner and since

they were, instead, signed by the Director, it was error to admit them. We disagree. 32 V.S.A. § 9702(a)(3) authorizes the Commissioner to delegate powers to any officer or employee in the department. Assuming without deciding that § 9813(b) standing alone does in fact contemplate that the certificates are to be signed by Commissioner, we hold nevertheless that under § 9702(a)(3) the duty is delegable and, absent any evidence to the contrary, we must assume that the delegation was made. The presumption is that the acts of public officers are proper. See *State Department of Taxes* v. *Tri-State Industrial Laundries, Inc.*, 138 Vt. 292, 294, 415 A.2d 216, 218 (1980).

■ The second attack on the certificates relates to the presumption raised thereby that the tax has not been paid. We have discussed this claim above and need not reiterate or extend that discussion here; the presumption is statutory. We do point out, however, that plaintiff has confused the presumption of taxability under § 9813(a) with the presumption that a tax has not been paid raised by the certificates under § 9813(b). There was no error on the part of the Commissioner in receiving the certificates in evidence.

Plaintiff claims next that by refusing him access to confidential records of the Department relating to his vendor, he was effectively denied his right of meaningful cross-examination to assist him in rebutting the statutory presumption that the taxes had not been paid. He suggests the possibility that the vendor might have paid the tax out of his own pocket. There is nothing in the record to which our attention has been directed showing any effort on his part to acquire a waiver of confidentiality from his vendor, nor otherwise to seek the latter's cooperation, or to obtain a deposition from the vendor. In short, no reason appears why the plaintiff could not have developed his own case adequately and show from sources available to him that the vendor had paid the tax from his own pocket, if such was the case, unlikely as this claim seems.

■ The Department's confidentiality regulations, like all regulations of administrative agencies, are subject to judicial review, and where they exceed the boundaries of the statutes they are designed to clarify or implement, we may

strike them down; in fact we have done so. See *In re Agency of Administration, State Buildings Division,* 141 Vt. 68, 92–93, 444 A.2d 1349, 1361 (1982) (striking down a rule of the State Environmental Board as overbroad). We do not, however, resort casually to such an action; we do so only with the greatest reluctance and only when there are clear and compelling indications that the regulation is wrong. *Committee to Save the Bishop's House, Inc.* v. *Medical Center Hospital of Vermont, Inc.,* 137 Vt. 142, 150–51, 400 A.2d 1015, 1019–20 (1979). In the matter before us, we would be compelled to nullify the Department's confidentiality regulations, either generally or in their application to the facts presented, if we held it was error to deny plaintiff access to these records. Given a meritorious public policy in favor of the privacy inherent in the confidentiality of tax records, coupled with the failure of plaintiff at least to attempt to obtain the desired information from sources possibly available to him, we are not willing to take such action. On the facts here we hold there was no error in denying plaintiff access to confidential records on the ground that it inhibited his right of cross-examination.

## V.

Plaintiff's last stand is taken on the constitutional field of alleged double taxation. He asserts that the State's position in this and similar matters creates the possibility that the Department can collect the same tax twice, once from a purchaser and once from the vendor. We find nothing in the applicable statutes to justify such an intent on the part of the legislature, or to permit such a consequence as the result of the Department's position. Moreover, 32 V.S.A. § 9781 provides an adequate remedy in cases where any tax, penalty or interest, has been "erroneously, illegally or unconstitutionally collected or paid." The alleged constitutional issue of double taxation is without merit.

*Affirmed.*