NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 66

Nos. 2015-254 & 2015-263

| | |
|---|---|
| State of Vermont | Supreme Court |
| v. | On Appeal from<br>Superior Court, Bennington Unit, |
| B.C. | Criminal Division |
| State of Vermont | March Term, 2016 |
| v. | |
| D.H. | |

David A. Howard, J.

Christina Rainville, Bennington County Chief Deputy State's Attorney, and Alexander Burke,
  Deputy State's Attorney, Bennington, for Plaintiffs-Appellants.

Matthew F. Valerio, Defender General, and Joshua O'Hara, Appellate Defender, Montpelier, for
  Defendants-Appellees.

William H. Sorrell, Attorney General, and Benjamin D. Battles and Elizabeth M. Tisher,
  Assistant Attorneys General, Montpelier, for Intervenor-Appellee Department of Health.

David W. Gartenstein, Windham County Deputy State's Attorney, Brattleboro, for
  Amicus Curiae Office of the Windham County State's Attorney.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1. **EATON, J.** This is an appeal by the State[1] concerning mental health orders involving D.H. and B.C. The State's Attorney contends it was entitled to be heard on its motions for continued treatment at the expiration of mental health orders regarding D.H. and B.C., who

---

[1] The appellant in these cases on behalf of the State is the State's Attorney. The Commissioner of Mental Health filed a brief as intervenor-appellee.

had been charged with criminal offenses. The criminal division found the State's Attorney had no standing to seek continued treatment at the expiration of a mental health treatment order and denied the State's motion. We affirm.

¶ 2. D.H. was charged with simple assault on a police officer and resisting arrest.[2] After arrest, D.H. was examined for sanity and competency. Based upon the examination, the parties stipulated that D.H. was insane at the time of the offense and to a ninety-day order of non-hospitalization (ONH) based upon D.H. being a person in need of treatment as defined in 18 V.S.A. § 7101(17). The January 29, 2015 order included a provision in accordance with 13 V.S.A. § 4822(a) stating that, because the charges involved personal injury, the court ordered a hearing be held before D.H. was discharged from the care and custody of the Commissioner of Mental Health.

¶ 3. On April 24, 2015, a few days before the ONH was to expire, the State's Attorney filed a request for a hearing to continue treatment beyond the ninety-day order and to stay D.H.'s discharge pending a hearing.[3] The State also requested copies of D.H.'s treatment records from the Department of Mental Health. The Department did not seek a further ONH by filing an application for continued treatment. The court denied the State's request for continued treatment, determining that only the Department has the authority to request a hearing on extending a ninety-day order. 18 V.S.A. § 7620.

¶ 4. In January 2015, B.C. was charged with simple assault and aggravated disorderly conduct. He was subsequently examined and found to be incompetent to stand trial on those

---

[2] The stipulated order of non-hospitalization erroneously indicated the charges were unlawful mischief and simple assault. This error does not affect our analysis.

[3] Because D.H. had been found to be insane at the time of the offenses, rather than incompetent, a hearing prior to discharge under 13 V.S.A. § 4822(a) should have been held in the family division pursuant to § 4822(c). The motion for continued treatment was filed by the State's Attorney in the criminal division, which ruled on the motion without objection.

charges. A stipulated ONH was issued on March 24, 2015, for a period not to exceed ninety-days. The order contained the same provision for a hearing prior to discharge pursuant to 13 V.S.A. § 4822(a) as was in the D.H. order.

¶ 5. In early June 2015, before B.C.'s March ONH expired, B.C. became the subject of several additional charges arising out of his conduct at the nursing home where he was staying. Bail was set and B.C. was incarcerated. The State's Attorney filed a request for emergency hospitalization in the January criminal docket before the March ONH expired. The State's request for emergency hospitalization was opposed by the Commissioner of Mental Health, who filed a motion to dismiss. The Commissioner did not seek an order extending treatment.

¶ 6. Before the hearing on State's requested emergency hospitalization could be heard, the March ONH expired. The court denied the emergency hospitalization request, granting the Commissioner's motion to dismiss, and again ruling that the State's Attorney was not authorized to seek an extension of treatment. Citing to its ruling in D.H.'s case, the court again ruled that only the Commissioner could request an order of further treatment, while noting that the only motion actually pending was one for emergency treatment which became moot upon the expiration of the March ONH. The State contends the hearing prior to discharge required by § 4822(a) was "simply never held."[4]

¶ 7. The State appeals the denial of its motion for a hearing on continued treatment in D.H. and the granting of the Commissioner's motion to dismiss in B.C. In addition, the State raises a claim on appeal that the Department of Mental Health unlawfully discriminates in the

---

[4] B.C., unlike D.H., was found to be incompetent. As a result, the hearing prior to discharge under § 4822(a) would have been held in the criminal division of the committing court. 13 V.S.A. § 4288(c). Thus, if a hearing had been required, it would have properly been before the Bennington Criminal Division.

case of incompetent defendants by treating them in disparate fashion based upon the cause of their disability.

¶ 8.    There are two distinct paths by which persons may become subject to Vermont's mental health laws: Title 18 or Title 13.  Under Title 18, a person who is not the subject of criminal proceedings may enter the mental health system either voluntarily or involuntarily pursuant to Vermont's mental health laws as set forth in Chapter 179.  See 18 V.S.A. § 7501 et seq.  Under Title 13, a person subject to criminal proceedings may enter the mental health system through Chapter 157, where competency, sanity, or both are at issue in connection with the criminal charges.  See 13 V.S.A. § 4801 et seq.  For those charged with a criminal offense that are found either incompetent or insane, 13 V.S.A. §§ 4820-4822 governs the hearing to determine whether the defendant is a person in need of treatment or a patient in need of further treatment.[5]

¶ 9.    An order issued under 13 V.S.A. § 4822 has the same force and effect as an order issued under 18 V.S.A. §§ 7611-7622.  See 13 V.S.A. § 4822(b) ("An order of commitment issued pursuant to this section shall have the same force and effect as an order issued under 18 V.S.A. §§ 7611-7622").  With the exception of the provisions of 13 V.S.A. §§ 4822 and 4817(c)[6], once a criminal defendant is adjudicated a "person in need of treatment" or a "patient in need of further treatment," subsequent proceedings concerning mental health care are governed by Title 18.  13 V.S.A. § 4822(b). ("[A] person committed under this order shall have the same status and the same rights, including the right to receive care and treatment, to be

---

[5]    Separate statutory considerations are presented for persons with an intellectual disability.  Those are not involved in this appeal.

[6] "A person who has been found incompetent to stand trial for an alleged offense may be tried for that offense if, upon subsequent hearing, the person is found by the court having jurisdiction of his or her trial for the offense to have become competent to stand trial." 13 V.S.A. § 4817(c).

examined and discharged, and to apply for and obtain judicial review of his or her case, as a person ordered committed under 18 V.S.A. §§ 7611-7622.").

¶ 10. Upon a finding that a person subject to Title 13 proceedings is "a person in need of treatment" or a "patient in need of further treatment," the court shall enter an order admitting the person to the care and custody of the Department of Mental Health for "an indeterminate period." 13 V.S.A. § 4822(a). The term "indeterminate period" as used in § 4822(a) has been found to mean for a period of up to ninety days, consistent with the express ninety-day limit on initial hospitalization orders established in 18 V.S.A. § 7619. State v. Mayer, 139 Vt. 176, 179, 423 A.2d 492, 493-94 (1980) (finding commitment under 13 V.S.A. § 4822 should have been limited to period of ninety-days). While ninety-days is the outside limit on an initial treatment order, a defendant may be discharged before the expiration of the order if the provisions of 13 V.S.A. § 4822(c) are followed. See id. ("The 'indeterminate' custody permitted under subsection (a) of 13 V.S.A. § 4822 was intended to allow release of a defendant by the Department of Mental Health before the expiration of ninety days.").

¶ 11. The State's Attorney argues that 13 V.S.A. § 4822 provides an opportunity for the State's Attorney to contest the expiration of a treatment order when the Department is not seeking an order of continued treatment at the expiration of a ninety-day order. The State relies on two portions of § 4822 as support.

¶ 12. First, the State asserts that § 4822(a), which allows the court to order a hearing prior to discharge in cases of personal injury or threats of personal injury, allows a hearing both where the order is expiring and when a discharge before the expiration of the order is sought. 13 V.S.A. § 4822(a) ("In any case involving personal injury or threat of personal injury, the committing court may issue an order requiring a court hearing before a person committed under this section may be discharged from custody."). Second, the State's Attorney relies on § 4822(c), which provides the State's Attorney the right to notice of the "proposed discharge,"

5

the right to enter an appearance in the discharge proceedings, and the right to have the patient examined and have the examiner testify at the discharge hearing.

¶ 13. In both of these cases, the court issued an order requiring a hearing before the person committed under § 4822 was discharged. In cases of incompetence, the hearing before discharge is to be held in the committing court issuing the order of incompetence under § 4817. Id. § 4822(c) ("In all cases requiring a hearing prior to discharge of a person found incompetent to stand trial under section 4817 of this title, the hearing shall be conducted by the committing court issuing the order under that section."). In this case, B.C. had been found to be incompetent, and the hearing, if required, would be held in the Bennington Criminal Division. 13 V.S.A. § 4288(c). Where the person to be discharged was found to be insane, as was the case with D.H., the hearing, if required, would be held in the Family Division. 13 V.S.A. § 4822(c). The central question is whether a "discharge from custody" pursuant to § 4822(a), where a hearing is required if ordered by the committing court, also includes the expiration of an order issued for an indeterminate period which, as per Mayer, means one issued for a period of no longer than ninety-days. We hold that "discharge" as used in § 4822 does not include the expiration of an order under its own terms.

¶ 14. While we agree that the interplay between the criminal provisions concerning mental health under Title 13 and those under Title 18 is not a paradigm of clarity, it is quite clear that the State's Attorney is not empowered to seek an order of continued treatment. That power is vested solely in the Department of Mental Health. 18 V.S.A. § 7620(a) provides:

> If, prior to the expiration of any order issued in accordance with section 7623 of this title, the commissioner believes that the condition of the patient is such that the patient continues to require treatment, the commissioner shall apply to the court for a determination that the patient is a patient in need of further treatment and for an order of continued treatment.

This provision is important for two reasons.

6

¶ 15. First, one purpose of a hearing before proposed discharge in the case of a defendant previously found to be incompetent may be to afford the State's Attorney the opportunity to take appropriate action concerning the criminal charges; however, under no circumstances is the State's Attorney empowered to seek continued treatment. The interests of the State's Attorney as public prosecutor are somewhat different than those of the Commissioner, and the Legislature has not provided the State's Attorney the authority to apply in its own right for an order of continued treatment. On the contrary, the Legislature has vested the Commissioner, in whose care persons needing mental health treatment are entrusted, to have the sole authority to seek an order of continued treatment at the expiration of a treatment order. This legislative decision is presumed to be made advisedly and that decision settles which representative of the State shall make that choice.

¶ 16. Second, 18 V.S.A. § 7620, which applies to orders issued under 13 V.S.A. § 4822, recognizes that unless an application for an order of continued treatment is filed by the Commissioner, the existing order expires. Unlike 13 V.S.A. § 4822(c), which affords rights to the State's Attorney when there is a "proposed discharge" of a person committed under § 4822, nothing in 18 V.S.A. § 7620 speaks to a discharge. When an order expires under its own terms at the conclusion of ninety-days and the Commissioner has not sought an order of continued treatment, there is no "proposed discharge." On the contrary, the expiration of the order ends the commitment to the Commissioner. A proposed discharge necessarily means some alternate course of action is being proposed other than what is already provided for by order. It follows, therefore, that a proposed discharge from custody and the expiration of a custodial or treatment order without a request for continued treatment are different circumstances. The rights afforded the State's Attorney pursuant to 13 V.S.A. § 4822(a) and (c), including the right to a hearing before discharge when so ordered, contemplate the Commissioner seeking a discharge before the expiration of the existing order.

7

¶ 17. In these cases, the Commissioner did not propose a discharge of either D.H. or B.C. before their orders expired. Because no discharge was sought, no hearing was required in either case under the terms of the committing court's orders. The State's contention that the hearing required prior to discharge in D.H.'s case was "simply never held" is correct because no discharge occurred. The public safety concerns evident in 13 V.S.A. § 4822(a) and (c) pertain to discharges, not expirations. If it was the Legislature's intent that there should be a hearing in cases of personal injury or threatened personal injury when the mental health order is about to expire, rather than only when a discharge is proposed, they would have indicated as much. They have not. See Robes v. Town of Hartford, 161 Vt. 187, 193, 636 A.2d 342, 347 (1993) (explaining that in considering statutory language, "we presume that the [L]egislature chose its words advisedly"). This outcome is consistent with our reconciliation of the mental health provisions in Title 18 and Title 13, as discussed in Mayer. See Mayer, 139 Vt. at 179, 423 A.2d at 493-94 (concluding commitment under 13 V.S.A. § 4822 should have been limited to period of ninety-days).

¶ 18. The State's Attorney is entitled to notice of and to contest a "proposed discharge" by the Commissioner, not a decision by the Commissioner to let an order expire without seeking a continued order, as was the case here. While there may be reasons why a hearing in the criminal division might be prudent when a treatment and/or custodial order expires in addition to when a discharge is sought, the mechanism to accomplish that end already exists in the case of an incompetent defendant. If the Commissioner has not sought an order of continued treatment, this means the Commissioner, in his or her sole discretion, believes the previously incompetent person no longer requires treatment. One reason the Commissioner might make this determination is that the defendant has regained competency. In that case, the prosecutor is free to continue or refile the criminal proceedings pursuant to 13 V.S.A. § 4817(c) and seek appropriate conditions of release addressing safety concerns pursuant to 13 V.S.A. § 7554(a)(2).

8

¶ 19. A defendant found to be insane, unlike one found to be incompetent, has no further exposure to criminal responsibility for his conduct. State v. Messier, 145 Vt. 622, 628, 497 A.2d 740, 743 (1985) ("A person is not responsible for criminal conduct due to his insanity if, at the time of such conduct, as a result of mental disease or defect, he lacked adequate capacity either to appreciate the criminality of his conduct, or to conform his conduct to the requirements of law."). Therefore, when a defendant who had been found to be insane at the time of the offense no longer requires treatment or custody in connection with mental health proceedings, double jeopardy concerns mandate an end to the involvement of the criminal court regarding the charges leading to the treatment or custody. 13 V.S.A. § 4820. Because there is no further criminal exposure, when a discharge is sought before the treatment order expires in the case of an insane defendant, it makes sense that the § 4822(a) hearing, if ordered, be held in the family division, rather than the committing criminal division.

¶ 20. As to the State's Attorney's claims of discrimination, asserted on behalf of defendants, we find that they suffer from numerous infirmities, any one of which would be sufficient to defeat the claim. First, these claims were not made in the trial court and thus have not been preserved. We have consistently held that we will not consider arguments on appeal that were not preserved in the trial court. Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶ 10, 176 Vt. 465, 853 A.2d 40 ("[M]atters not raised at trial may not be raised for the first time on appeal."). Additionally, the State's Attorney, who has not asserted an injury, lacks standing to pursue these claims. See Parker v. Town of Milton, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998) (providing that to bring a case "[a] plaintiff must, at a minimum, show (1) injury in fact, (2) causation, and (3) redressability" and "must have suffered a particular injury that is attributable to the defendant"). Lastly, none of the materials relied upon by the State's Attorney was admitted into evidence in the trial court proceedings. The Court will not consider materials

9

outside the record.  See <u>State v. Towne</u>, 158 Vt. 607, 627, 615 A.2d 484, 495 (1992) (citing <u>Morse v. Morse</u>, 126 Vt. 290, 292, 229 A.2d 228, 230 (1967)).

Affirmed.

FOR THE COURT:

Associate Justice