2004 VT 87

**Eugene LADD v. John GORCZYK, Commissioner, Department of Corrections**

[861 A.2d 1094]

No. 03-486

¶ 1. August 27, 2004. Plaintiff, Eugene Ladd, an inmate committed to the custody of the Commissioner of Corrections, appeals from a superior court judgment rejecting his claim that he was improperly denied an earned reduction of term from his minimum sentence. We affirm.

¶ 2. The material facts are undisputed. In October 2000, Ladd was sentenced on two counts of retail theft to a term of imprisonment of sixty days to five years. Later that month, he received an additional concurrent sentence of zero to six months on a third count of retail theft. The offenses for which these sentences were imposed occurred prior to July 1, 2000. In February 2002, Ladd received consecutive sentences on three additional convictions, one for grossly negligent operation of a vehicle, serious injury resulting, and two for false pretenses. The offenses for which defendant was convicted occurred after July 1, 2000 when defendant was still under sentence for the earlier offenses. The three 2002 convictions resulted in a combined sentence of three years and six months to thirty years.

¶ 3. In August 2002, Ladd filed a grievance with the Commissioner, alleging that the Department had erroneously failed to apply his earned reduction of term, or good time credit, toward his minimum sentence. The grievance was denied, and Ladd sought review in the superior court under V.R.C.P. 75, which provides for review of governmental action not otherwise reviewable under V.R.C.P. 74. The parties filed cross-motions for summary judgment. In October 2003, the court issued a written decision, granting the Department's motion and denying Ladd's. This pro se appeal followed.

¶ 4. Ladd contends the Department has erroneously applied the current statutory provision governing earned reduction of term, 28 V.S.A. § 811(a) & (b), which became effective July 1, 2000 and provides for a reduction of time for good behavior only from the maximum term of imprisonment. The prior version of the statute, the so-called 1994 amendment, granted a reduction from both the maximum and minimum terms. Ladd argues that he should receive good time credit from both his minimum and maximum terms, under the 1994 version of § 811, rather than solely from the maximum term. Although the statute contains no provision for determining which version applies when an inmate has been given multiple sentences at different times, the Department's sentencing guidelines look to the date of the offense of the controlling or effective sentence. Under the guidelines, if at least one crime comprising a part of the prisoner's effective sentence was committed between July 1, 1994 and July 1, 2000, the offender is entitled to a reduction from both the maximum and minimum terms pursuant to the 1994 regime.

¶ 5. In determining an offender's effective sentence, the sentencing guidelines look to 13 V.S.A. § 7032(c), which provides that when multiple or additional sentences to a prior sentence are imposed, a single sentence is computed as follows: (1) when terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum, and the shorter maximum terms merge in and are satisfied by discharge of the longest maximum term; and (2) when terms run consecutively, the mini-

mum terms are added to arrive at an aggregate minimum, and the maximum terms are added to arrive at an aggregate maximum. Ladd's current effective sentence of three years six months to thirty years is derived from adding the minimum and maximum sentences on the three offenses committed *after* July 1, 2000. By the time the later offenses were committed, Ladd had served his minimum sentence on the earlier offenses; these minimums comprise no part of the current effective sentence.

¶ 6. Ladd's first argument is that material facts remain in dispute, rendering the summary judgment in favor of the Department improper. See V.R.C.P. 56(c)(3) (summary judgment shall be rendered where pleadings show no genuine issue as to material fact and any party is entitled to judgment as a matter of law). This argument arises because the Department "disputed" a number of allegations in Ladd's statement of undisputed facts. The allegations involved issues of law rather than fact; our review shows that the material facts are uncontroverted.

¶ 7. In his reply brief, Ladd returns to the argument made in the trial court — that a Connecticut decision, *Rivera v. Comm'r of Corr.*, 756 A.2d 1264, 1268-71 (Conn. 2000), controls, and requires that his sentence be construed as "one continuous term" for purposes of reducing the sentence for good behavior.* Because the "one continuous term" includes sentences for offenses that occurred before July 1, 2000, he argues that he is entitled to the 1994 good time regime. He argues that the Department has no power to adopt regulations inconsistent with the "one continuous term" system.

¶ 8. *Rivera* held that an inmate was entitled to apply good time credit earned under an earlier sentence to a later sentence, but was decided under a Connecticut statute requiring multiple sentences to be "construed as one continuous term," *id.* at 1270, language that does not appear in the Vermont statute. Thus, even if we were required to follow a decision from another state, the differences in the controlling statute make *Rivera* inapplicable. Finally, we doubt that a "one continuous term" rationale could apply here. Ladd had served his minimum sentences for the offenses committed prior to July 1, 2000 when the later sentences were imposed on him. Thus, the older sentences were not part of the minimum sentence that he argues should be treated under the 1994 good time rules. The designation of the later sentences as concurrent or consecutive did not actually apply to the minimums. See *In re Perry*, 137 Vt. 168, 170, 400 A.2d 1013, 1015 (1979). For this reason, Ladd has no colorable claim that the 1994 good time rules should apply to him. In reaching this conclusion, we do not have to reach his challenge to the validity of the Department's rules governing which sentences retain the benefit of the 1994 good time statute.

*Affirmed.*

Note: Chief Justice Amestoy sat for oral argument but did not participate in this decision.

---

* We normally need not address claims raised for the first time on appeal in an appellant's reply brief. *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 2 n.2, 176 Vt. 356, 848 A.2d 310.