2006 VT 73

### In re Bryan LAFAYETTE

[910 A.2d 807]

No. 05-374

¶ 1. July 26, 2006. Plaintiff Bryan Lafayette is a prisoner serving concurrent sentences for separate arson and second-degree murder convictions. He appeals from an order of the superior court rejecting his claim that the Department of Corrections has been improperly calculating the good-time credits to his sentence. He argues that according to the Department's Sentencing Computation Guidebook (Guidebook), because he committed the arson before July 1, 1994, his good-time credits should be calculated under the version of 28 V.S.A. § 811 that was in effect at that time. We affirm.

¶ 2. On November 11, 1993, plaintiff was sentenced to probation and a suspended prison term of five to ten years for an arson he had committed in 1992. In 2000, while still on probation, plaintiff was convicted of a second-degree murder committed in 1999. The superior court sentenced plaintiff to twenty-five years to life for the murder. At the same time, the court revoked his probation and ordered him to serve the remainder of his underlying five-to-ten-year arson sentence concurrently.

¶ 3. The Guidebook is based in part on 13 V.S.A. § 7032(c)(1), which instructs the Department to combine the sentences of prisoners serving multiple sentences. Section 7032(c) provides in relevant part:

> In all cases where multiple or additional sentences have been or are imposed, the term or terms of imprisonment under those sentences shall be determined in accordance with the following definitions.

> (1) When terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum and the shorter maximum terms merge in and are satisfied by discharge of the longest maximum term.

Therefore, plaintiff's five-year minimum sentence merges into and is satisfied by serving his twenty-five year minimum sentence, and his ten-year maximum sentence merges into and is satisfied by serving his life sentence. The result is plaintiff's "effective" sentence, which is computed from his individual sentences and treated as a single sentence. See 28 V.S.A. § 722(3) (defining "[t]otal effective sentence" as "the sentence imposed under sections 7031 and 7032 of Title 13 as calculated by the department in the offender's records"); see also Dep't of Corrections, Sentence Computation Guidebook § VI(A), at 15 (Oct. 2000) ("The effective sentence is the single sentence arrived at after computations are made in regard to the individual sentences imposed."). Accordingly, plaintiff's effective sentence, to which any good-time credits he earns are applied, is twenty-five years to life.

¶ 4. Under 28 V.S.A. § 811,* automatic reduction in term (ART) and earned reduction in term (ERT) good-time credits may be applied to a prisoner's effective sentence. Prisoners subject to § 811 acquire ART credits by following the rules and regulations of the institution to which they are committed. *Id.* § 811(a).

_____
* Effective July 1, 2005, the Legislature repealed § 811 and created a new system that provides a one-time award of prospective good-time credits. 2005, No. 63, §§ 2-3. For the purposes of this appeal, we will refer to the statute as it existed prior to July 1, 2005.

To acquire ERT credits, prisoners must participate in treatment, or in educational or vocational programs. *Id.* § 811(b). In recent years, § 811 has undergone several amendments, including the 1994 amendments relevant to this appeal. Under the pre-1994 statute, a prisoner could accrue up to ten days of ART and up to five days of ERT per month. The 1994 amendments allowed for only five days of ART and ten days of ERT per month. 1993, No. 173 (Adj. Sess.), § 1. Because some prisoners are incarcerated for multiple offenses, committed while different versions of § 811 were in effect, the Guidebook contains guidelines for determining whether the pre-1994 system, the 1994 system, or some later version of § 811 applies. Section VI(B) of the Guidebook provides:

> CASES WHERE OFFENDER IS INCARCERATED UNDER MORE THAN ONE REDUCTION OF TERM SYSTEMS [sic]:
> Look to the date of the controlling sentence; check the affidavit, DDR's or other supporting documents to determine the date(s) of the offense(s). If at least one offense occurred before July 1, 1994, the offender is to be awarded reduction of term under the old system (10 days per month ART, up to 5 days per month ERT deducted from both minimum and maximum). If at least one crime was committed between July 1, 1994 and before July 1, 2000, and none prior to July 1, 1994, the offender is to be awarded reduction in term under the 1994 system (5 days ART, up to 10 days ERT deducted from both minimum and maximum). If the crime(s) of the controlling sentence was (were) committed on or after July 1, 2000, the offender is to be awarded reduction of term under the 2000 system (5 days ART and up to 10 days ERT deducted from *maximum only*).

Dep't of Corrections, Sentence Computation Guidebook § VI(B), at 16.

¶ 5. Based on its interpretation of the Guidebook, 13 V.S.A. § 7032, and 28 V.S.A. § 811, the Department has been calculating plaintiff's ART and ERT according to the 1994 system. Dissatisfied with the Department's calculation, plaintiff filed a complaint seeking to compel calculation of his good-time credits under the pre-1994 system, which would deduct approximately fifty more days from his sentence. The superior court granted summary judgment in favor of the Department, reasoning that "the 25-year to life sentence becomes the controlling sentence" because "[plaintiff's] larger sentence subsumes his smaller sentence." The court determined that because the controlling sentence was imposed while the 1994 system was in effect, plaintiff is not entitled to the benefit of the old statute.

¶ 6. We review grants of summary judgment under the same standard applied by the trial court, affirming "only when the record clearly shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996). Plaintiff argues that his good-time credits should be determined under the more favorable pre-1994 system because "at least one offense occurred before July 1, 1994." Dep't of Corrections, Sentence Computation Guidebook § VI(B), at 16. We disagree. Although that statement, taken in isolation, seems to support plaintiff's position, the Guidebook and related statutes as a whole support the conclusion that when the minimum and maxi-

mum terms of a prisoner's effective sentence are both derived from the same individual sentence, the effective sentence is the controlling sentence for the purpose of determining which term-reduction system to follow. Thus, in this case, when we "[l]ook to the date of the controlling sentence," and consider "the date(s) of the offense(s)," *id.*, only the date of the second-degree murder offense is relevant, and that sentence alone comprises his effective sentence.

¶ 7. This conclusion is consistent with our prior interpretations of the Guidebook and sentencing statutes. See *Ladd v. Gorczyk*, 2004 VT 87, ¶ 4, 177 Vt. 551, 861 A.2d 1094 (mem.) (discussing prisoner's "controlling or effective sentence"). Cf. *In re Leggett*, No. 2004-391, slip op. at 2-3 (Vt. Feb. 18, 2005) (unreported mem.) (considering the dates of all of the defendant's underlying offenses because each offense carried the same minimum and maximum terms, and therefore, each offense was as determinative of the effective sentence as the others). In *Ladd*, we decided which term reduction system applied to an effective sentence under similar circumstances. In October 2000, Ladd was sentenced to sixty days to five years for two counts of theft. Later that month, he received an additional concurrent sentence of zero to six months. In February 2002, he was convicted of three more crimes, for which he was sentenced to an aggregate consecutive sentence of three years and six months to thirty years. Because the first set of crimes was committed while the 1994 system was in effect, and the latter set of crimes was committed while a newer system was in effect, there was a question as to which system applied. We concluded that because the minimum and maximum terms of Ladd's earlier offenses — those committed while the 1994 system was in effect — "comprise[d] no part of the current effective sentence," they had no bearing on which term-re-

duction system should apply to his effective sentence. *Ladd*, 2004 VT 87, ¶ 5. On the other hand, "if at least one crime *comprising a part of the prisoner's effective sentence*" had been committed while the 1994 system was in effect, he would have been entitled to term reduction under that system. *Id.* ¶ 4 (emphasis added). Here, as in *Ladd*, plaintiff's effective sentence is determined solely by the minimum and maximum terms of his murder sentence. Therefore, because plaintiff committed that offense in 1999, the Department was correct to apply the 1994 system to calculate plaintiff's goodtime credits.

*Affirmed.*

Motion for reargument denied August 24, 2006. Motion for reconsideration denied October 3, 2006.