# Dennis St. Gelais v. A. James Walton, Comm. Vt. Dept. of Corrections: Raymond Pilette, Superintendent St. Johnsbury Corr. Center

[552 A.2d 782]

No. 84-363

Present: Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed August 5, 1988

*Walter M. Morris, Jr., Defender General,* and *Barbara Ripley* and *Sandra E. Eschenbrenner, Defenders, Correctional Facilities,* Montpelier, for Plaintiff-Appellee.

*Jeffrey L. Amestoy, Attorney General,* Montpelier, and *Herbert W. Olson, Assistant Attorney General,* Waterbury, for Defendants-Appellants.

**Allen, C.J.** The State appeals the Caledonia Superior Court's grant of defendant's habeas corpus petition. We reverse and remand to reinstitute defendant's probation imposed by the Windsor District Court.

This case involves the proper method of aggregating defendant's sentence for his convictions for escape and burglary (the second sentence) with his underlying sentence for his convictions for grand larceny, petty larceny and breaking and entering in the nighttime (the first sentence). The first sentence was for an indeterminate term of 0-3 years. The second sentence was for 1-8 years, all suspended but one year to serve. Pursuant to 13 V.S.A. § 7032(a), the second sentencing judge imposed the second sentence consecutive to the first. The State computed defendant's sentence to be 1-4 years, adding the one-year unsuspended term of the second sentence to both the minimum and maximum terms

of the indeterminate, first sentence. Defendant filed a petition for habeas corpus relief, alleging that this computation was erroneous. The Caledonia Superior Court agreed and granted defendant's petition.

The facts and numerical computations of this case are not in dispute. The only issue is how to apply 13 V.S.A. § 7032(c)(2) to aggregate two sentences, where one is indeterminate and the other is partially suspended, with a fixed term to serve plus a period of probation.

The superior court found that 13 V.S.A. § 7032(c)(2) controls the method by which defendant's sentences should be aggregated. That statute provides in pertinent part:

> In all cases where multiple or additional sentences have been or are imposed, the term or terms of imprisonment under those sentences shall be determined in accordance with the following definitions.
>
> . . . .
>
> (2) When terms run consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms.

*Id.*

The court also found that 28 V.S.A. § 205 authorizes the suspended sentence imposed by the second sentencing court. That statute provides:

> After passing sentence, a court may suspend all or part of the sentence and place the person so sentenced in the care and custody of the commissioner upon such conditions and for such time as it may prescribe in accordance with law or until further order of court.

*Id.* The court concluded that the State, by adding the one year, unsuspended term of the second sentence to both the maximum and minimum terms of the first sentence, turned the second sentence into a determinate sentence, with the same term for a maximum and a minimum. The court found this result was prohibited by *In re Parent*, 125 Vt. 475, 475, 218 A.2d 717, 717 (1965), where this Court held that 13 V.S.A. § 7031 does not permit setting the same term for a minimum and a maximum sentence.

The State appeals this determination, arguing first that this Court should remand the case to the sentencing court for clarification of the intentions of the second sentencing judge on the issue of whether the unsuspended one-year term was to be a minimum or a maximum term. In the alternative, the State argues that defendant's sentences were aggregated correctly.

In response, defendant argues that it is impossible to reconcile 28 V.S.A. § 205, which authorizes the partial or total suspension of sentences by a court, with 13 V.S.A. § 7032(c)(2), which delineates the method for aggregating consecutive sentences. Defendant argues that 13 V.S.A. § 7032(c)(2) applies only to aggregating consecutive indeterminate sentences. Suspended sentences, defendant argues, are fixed terms to be served and cannot be treated as either maximums or minimums and certainly cannot be treated as both, as the State did here. According to defendant, the two types of sentences are as different as apples and oranges and therefore cannot be aggregated pursuant to 13 V.S.A.§ 7032.[1]

We first adopted the State's proposal and remanded this case to Windsor District Court for clarification of whether that court intended the unsuspended one-year term of defendant's second sentence to be considered a minimum term or a maximum term for the purposes of aggregation under 13 V.S.A § 7032. We retained jurisdiction over the case. The sentencing court rendered a decision stating that the one-year, unsuspended term was to be a minimum term of imprisonment. Further, the court indicated that it intended defendant to be subject to probation for the seven suspended years of that sentence, so that, should he violate the terms of his probation, it could be revoked and the court could order him to serve part or all of the suspended portion of the sentence. This decision does not end the matter, however, for we are still faced with the question of the proper method for aggregating two sentences to run consecutively where one sentence

---

[1] Defendant also argues that the post-incarceration consequences of the two types of sentence are irreconcilable. He may be released on parole, after serving the minimum of the indeterminate sentence, pursuant to 28 V.S.A. § 501, and be under the jurisdiction of the parole board. At the end of the one-year unsuspended term of the second sentence, however, he is to be placed on probation and subject to the jurisdiction of the sentencing court. 28 V.S.A. § 205. Thus, he argues, it is not clear whether he should be on probation or parole, or both, after incarceration.

is indeterminate and the other is indeterminate but partially suspended.

At first blush, it would seem that regular indeterminate sentences and those that are partially or fully suspended are in fact "apples and oranges," and cannot be aggregated pursuant to 13 V.S.A. § 7032(c)(2). It is the duty of this Court, however, to harmonize whenever possible apparently conflicting sections of the same act of the Legislature. *State* v. *Mayer*, 139 Vt. 176, 178, 423 A.2d 492, 493 (1980). We find we can do so in this case. The Legislature enacted both provisions, as amendments to existing statutes, as part of the same bill: 1971, No. 199 (Adj. Sess.), §§ 6 and 20. Presumably, the Legislature had both sections in mind at the time it adopted the bill, and did not intend them to be inconsistent. See *Bayley* v. *Harvey*, 111 Vt. 339, 342, 16 A.2d 192, 194 (1940).

We note that 13 V.S.A. § 7031(a) provides that criminal sentences in Vermont are indeterminate, with minimum and maximum terms, unless otherwise provided by statute. Both of defendant's sentences in the instant case started out as indeterminate sentences: 0-3 years and 1-8 years. We conclude that the Legislature intended consecutive sentences to be aggregated *before* partial or total suspension of any of the sentences is taken into account. In this way, we are able to aggregate like sentences; we add apples with apples, as it were. After the sentences are aggregated, the fact that some of the sentences may be partially or completely suspended is considered to compute the manner in which a defendant will serve the aggregated sentences.

In this case, the minimums of defendant's first and second sentences are added, to arrive at the aggregate minimum term of one year, then the maximums are added, to get an aggregate maximum term of eleven years. Only then is the fact of the second sentencing judge's suspension of part of the second sentence taken into account: the effective sentence is 1-11 years, seven years suspended. This effectuates the wishes of the second sentencing judge to ensure both that defendant be incarcerated for at least one year and that he be on probation for seven years.

As a practical matter, defendant may be incarcerated for up to four years. He may be released on parole at any time after serving one year and be subject to the jurisdiction of the parole board until he has reached four years. 28 V.S.A. § 501. After that time, he would be on probation for the next seven years, and if he vio-

lated the terms of his probation at any time, the sentencing court could revoke the probation and impose part or all of the suspended portion of the second sentence. 28 V.S.A. § 205.[2]

Thus the State arrived at the correct number of years of incarceration, 1-4, albeit through a different computation than the one established here. However, it apparently neglected to include the seven suspended years of the second sentence in its calculation. The superior court erred in granting defendant's petition. Therefore, we reverse.

*The order of the Caledonia Superior Court is reversed and the matter is remanded, with instructions to the court to reimpose defendant's probation ordered by the Windsor District Court.*

---

[2] In fact, defendant has already served the maximum term of incarceration, four years, so the only portion left to serve is the seven years of probation.