**IN RE PELHAM NORTH, INC.**

[578 A.2d 124]

No. 89-284

June 27, 1990. Plaintiff appeals from an order of the Environmental Board voiding a land use permit granted to plaintiff by the District Commission.

The appeal is premature. The Board, in compliance with the mandates of its Rule 38(A)(3), granted plaintiff a reasonable opportunity to correct the violation which it found and remanded the matter to the District Commission for a further hearing on the amended plans.

The requirements of finality and the exhaustion of administrative remedies preclude our review of the Board's action at this stage. With limited exceptions, we have declined to judge a case piecemeal and have held to the requirement that the order appealed from be final. See *Hospitality Inns v. South Burlington R.I.*, 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988); *In re D.A. Associates*, 150 Vt. 18, 20, 547 A.2d 1325, 1326 (1988). The test for finality is whether the order makes a final disposition of the subject matter. *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816, 817 (1953). The Board's order allowing correction of the violation and remanding the matter to the District Commission for further proceedings is not a final order from which an appeal may be taken. See *Dalto v. Richardson*, 434 F.2d 1018, 1019 (2d Cir. 1970) (vacation of Secretary's decision and remand for reconsideration is not a final appealable order), *cert. denied*, 401 U.S. 979 (1971).

The purposes for the finality and exhaustion requirements are well set forth in *McKart v. United States*, 395 U.S. 185, 193–95 (1969):

A primary purpose is, of course, the avoidance of premature interruption of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. And of course it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. . . .

Closely related to the above reasons is a notion peculiar to administrative law. The administrative agency is created as a separate entity and invested with certain powers and duties. The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction. As Professor Jaffe puts it, "[t]he exhaustion doctrine is, therefore, an expression of executive and administrative autonomy." This reason is particularly pertinent where the function of the agency and the particular decision sought to be reviewed involve exercise of discretionary powers granted the agency by Congress, or require application of special expertise.

. . . [J]udicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise its discretion or apply its expertise. In addition, other justifications for requiring exhaustion in cases of this sort have nothing to do with the dangers of interruption of the administrative process. Certain very practical notions of judicial efficiency come into play as well. A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. And notions of administrative autonomy require that the

agency be given a chance to discover and correct its own errors. Finally, it is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*The appeal is dismissed and the matter remanded to the District Commission for further proceedings in accordance with views expressed in the opinion of the Environmental Board.*