**Eugene P. MARTEL v. Kathleen LANMAN, Superintendent, Northern State Correctional Facility**

[759 A.2d 65]

No. 99-388

April 14, 2000. In this appeal from a Caledonia Superior Court decision granting the Department of Correction's (DOC) motion to dismiss, petitioner argues that the DOC did not properly credit him for time served. We affirm.

The relevant facts are undisputed. On July 23, 1992, petitioner was sentenced for aggravated assault, escape, simple assault, and violation of conditions of release, to a term of one-to-six years of incarceration ("first sentence"). On March 29, 1994, petitioner was sentenced for sexual assault to a term of fifteen-to-twenty years of incarceration ("second sentence"). The second sentence was imposed consecutively to the first sentence. See 13 V.S.A. § 7032(b) (granting court authority to impose consecutive sentences "where a person is convicted of two or more offenses punishable by imprisonment and is sentenced for more than one of these offenses"). The imposition of the fifteen-to-twenty year sentence for sexual assault, added to the one-to-six year sentence for petitioner's 1992 offenses, resulted in an aggregate sentence of a minimum term of sixteen

years and a maximum term of twenty-six years. See 13 V.S.A. § 7032(c)(2) ("When [multiple prison terms are imposed] consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms.").

Petitioner's claim relates to a period of incarceration between March 5, 1993, and March 29, 1994. March 5, 1992, was the date on which he served the minimum term of his first sentence, and March 29, 1994, was the date his second sentence was imposed. Petitioner argues that the DOC has not properly awarded him credit toward the *second sentence* for this period. The DOC responds that petitioner received credit for the full period (approximately thirteen months) toward the *first sentence*. At issue is whether the superior court appropriately applied 13 V.S.A. § 7031(b) in denying petitioner's claim.

13 V.S.A. § 7031(b) provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence. The court shall give the person credit toward service of his sentence for any days spent in custody *in connection with* the offense for which sentence was imposed.

(Emphasis added.)

In *State v. Blondin*, 164 Vt. 55, 56-57, 665 A.2d 587, 589 (1995), we held that the plain meaning of § 7031(b) does not require that "parole violators who are jailed and do not make bail on new charges be given double credit for time served before imposition of either the new or the underlying sentence, whichever comes later, even if the sentences are imposed consec-

utively." We noted that § 7031(b) is intended to ensure that offenders be given credit "'for any days spent *in custody in connection with the offense for which sentence was imposed.'*" *Id.* at 57, 655 A.2d at 589 (quoting § 7031(b)) (emphasis added).

Here, petitioner argues that the thirteen month period between March 5, 1993, and March 29, 1994, *cannot* be construed by the DOC to be "in connection with" the 1992 offenses. Apparently, petitioner reasons that an inmate who has reached the minimum term of his first sentence cannot be said to be in custody "in connection with" his original offenses, if subsequent to the expiration of the minimum but prior to expiration of his maximum term he receives a consecutive sentence for a new offense. We find nothing in the statute that compels such a reading and reiterate our view that § 7031(b) is not to be applied in a manner that conflicts with its purpose or leads to unjust, absurd, or irrational consequences. See *id.* Petitioner has not been denied credit for the disputed thirteen month period. That period was credited toward his first sentence, as it was in connection with the 1992 offenses. What has been denied is his contention that the DOC must treat the completion of an inmate's minimum term of incarceration as a bar to construing 13 V.S.A. § 7031(b) to apply to days spent in custody in connection with the first sentence imposed.

Petitioner claims that he would have been paroled at the expiration of the minimum term of his first sentence, but for the pending charges against him for sexual assault and kidnapping. Assuming, arguendo, that he is correct, we fail to see the relevance of his assertion. "[T]he purpose of § 7031(b) is to ensure that offenders unable to make bail do not serve a longer sentence than more affluent defendants who are able to make bail and avoid pretrial incarceration." *Id.* Petition-

er's "longer sentence" was the result of his convictions for multiple offenses, not pretrial incarceration for failure to make bail.

Finally, petitioner's argument that the DOC improperly calculated his sentence, creating a "new" sentence of fifteen-to-twenty-six years, is without merit. As the DOC points out, the actual sentence computation added only twenty years, not twenty-six years, to defendant's maximum term of incarceration. His aggregate maximum sentence, which defendant did not dispute before the superior court, was properly calculated and reduced to reflect the thirteen months he served while awaiting imposition of his second sentence.

*Affirmed.*

Motion for reargument denied August 21, 2000.