2007 VT 30

**STATE of Vermont v. Tracy YOUNG**

[925 A.2d 1016]

No. 05-398

¶ 1. April 19, 2007. Defendant appeals a sentence imposed by the district court. He contends the court erred in failing to award certain credit for time served. Because defendant failed to pursue an administrative remedy with the Commissioner of Corrections and review by the superior court under V.R.C.P. 75, we conclude that the appeal must be dismissed.

¶ 2. The material facts may be briefly summarized. In May 2003, defendant was sentenced on four felony charges to a term of two to eight years, all suspended except for time served, and placed on probation. On February 4, 2004, defendant was arrested and held without bail for several violations of probation (VOPs). On July 9, 2004, defendant was sentenced on several new motor vehicle offenses and the violation of probation charges. The court imposed a new sentence of four to sixty months on the motor vehicle offenses with credit for time served since February 4, 2004, and ordered that defendant be continued on probation on the underlying felony offenses.

¶ 3. New violation of probation petitions were filed in December 2004 and August 2005. At the hearing on the VOP charges in late August 2005, defendant requested that, with respect to any sentence imposed, he be awarded credit for time served between February 4 and July 9, 2004. In a written decision dated August 30, 2005, the court ruled that the computation of any credit for time served was for the Department of Corrections, and scheduled a sentencing hearing for September 1, 2005. At the hearing, the court revoked defendant's probation and imposed the underlying terms with "credit for time served according to law." This appeal followed.

¶ 4. Defendant contends that the court erred in failing to award him the requested credit for time served. As the trial court observed, however, the DOC is charged with the responsibility to calculate "the effect of any credit for time served as ordered by the court pursuant to 13 V.S.A. § 7031." 13 V.S.A. § 7044. Section 7031(b) states that the "court shall give the person credit toward service of his sentence for any days spent in custody in connection with the offense." Sections 7031 and 7044, read together, do not require the trial court to calculate time served, but rather allow the court to order the DOC to do so. In the majority of cases, the DOC is in a far better position than the trial court to make the calculation, as it has the most accurate and timely information concerning the people in its custody, while the trial court may have no information other than that supplied to it by the parties. In such cases, the district court will typically order the DOC to calculate time served, as the statute expressly contemplates and as the district court did in this case. We find no error in that course of action under the facts before us.*

¶ 5. Should a defendant dispute the DOC's calculation, he or she may file a grievance with the commissioner, and thereafter seek review in the superior court under V.R.C.P. 75. Cf. *Ladd v.*

---

* Of course, there are cases in which the trial court is in a better position than the DOC to calculate time served, as when the calculation depends on legal determinations the DOC is less equipped to make. Cf. *In re McPhee*, 141 Vt. 4, 6-9, 442 A.2d 1285, 1286-88 (1982) (affirming trial court's determination that credit for time served would be given, under 13 V.S.A. § 7031(b), for time spent under supervision of director of treatment center as condition of pretrial release order); *In re Zera*, 137 Vt. 421, 425, 406 A.2d 396, 398 (1979) (reversing superior court's determination — in PCR proceeding after district court denied credit for time served — that certain period of incarceration was not "in connection with the offense" for purposes of 13 V.S.A. § 7031(b); granting credit for time served), *overruled on other grounds by State v. Blondin*, 164 Vt. 55, 64, 665 A.2d 587, 593 (1995). We do not here limit the trial court's discretion, in appropriate cases, to make such determinations.

*Gorczyk*, 2004 VT 87, ¶ 3, 177 Vt. 551, 861 A.2d 1094 (mem.) (defendant dissatisfied with calculation of good-time credit filed grievance with commissioner and thereafter appealed denial of grievance in superior court under V.R.C.P. 75). Accordingly, we agree with the State's assertion that defendant has pursued the incorrect avenue of relief, and that this appeal must therefore be dismissed.

*Appeal dismissed.*