2011 VT 59

## State of Vermont v. Gregory Sommer

[27 A.3d 1059]

No. 09-417

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed May 27, 2011

Motion for Reargument Denied August 1, 2011

238

*William H. Sorrell*, Attorney General, Montpelier, and *Emily A. Carr*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, and *Seth Lipschutz*, Prisoners' Rights Office, Montpelier, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant Gregory Sommer appeals from the trial court's dismissal of his motion requesting sentence reconsideration and seeking a court order that the Vermont Department of Corrections (DOC) apply credit to his sentence for the time he spent incarcerated while awaiting sentencing. The court dismissed the motion for lack of jurisdiction. Defendant argues that the trial court did not lack jurisdiction over the motion and should have reached the legal issue in this case and awarded him presentence credit. We hold that defendant was premature in bringing his request to the court before the DOC Commissioner had issued an official sentencing calculation. Furthermore, we conclude that defendant's argument regarding credit fails on the merits. Accordingly, we affirm.

¶ 2. On April 8, 2008, defendant was serving a prior sentence (first sentence) when he was arraigned on eleven different counts of burglary, attempted burglary, unlawful mischief, and larceny, and held on $100,000 bail. Defendant's first sentence is a minimum of twelve months and fourteen days and a maximum of eight years. Before his arraignment on the new charges, defendant had completed the minimum on his first sentence and was serving his "remaining sentence in the community" pursuant to 28 V.S.A. § 723. After arraignment, the court revoked defendant's commu-

nity status and incarcerated him for thirteen months between arraignment and sentencing. On May 11, 2009, as the result of a plea agreement, the court sentenced defendant on five of the new counts to six to twelve years to run concurrently (second sentence). The State dismissed the remaining six counts. This second sentence was imposed consecutive to defendant's first sentence. Defendant requested that the DOC give him credit toward his second sentence minimum for thirteen months during which he was incarcerated — the time from his arraignment on April 8, 2008, to his sentencing on May 11, 2009.

¶ 3. On September 3, 2009, before the DOC officially ruled on defendant's request, defendant filed a motion requesting that the trial court order the DOC to provide the credit he sought or, in the alternative, to reduce the minimum term of his second sentence by thirteen months. The trial court dismissed the motion for lack of subject matter jurisdiction, holding:

> Determinations regarding credit are the province of DOC. 13 V.S.A. § 7044. If Defendant disputes DOC's calculations, he may file a grievance with the commissioner and thereafter seek review in superior court under V.R.C.P. 75. State v. Young, 181 Vt. 603 (2007); see also Martel v. Lanman, 171 Vt. 547 (2000). The District Court does not have subject matter jurisdiction to address the issue raised here. Accordingly, this motion is dismissed for lack of jurisdiction.

This appeal followed.

¶ 4. On appeal, defendant argues that the trial court erred in dismissing his motion because it presented a legal question and the court therefore had jurisdiction, and that he is entitled to thirteen months presentence credit against his second sentence minimum because he had an effective zero minimum requirement on his first sentence when the court arraigned him on charges related to his second sentence. We affirm the trial court's dismissal of defendant's motion because he was premature in filing for district court review before the DOC had issued the Commissioner's calculation under 13 V.S.A. § 7044. At the same time, we explain in more detail the options the court had in responding to the motion. Ultimately, we hold that defendant's argument fails on the merits because precedent from this Court has already decided the legal question at issue and does not support defendant's position.

¶ 5. The principal question here is whether defendant properly pursued relief prior to a decision from the DOC. Whether a court has subject matter jurisdiction is a question of law, and we review questions of law de novo. *Office of Child Support v. Sholan*, 172 Vt. 619, 620, 782 A.2d 1199, 1202 (2001) (mem.).

¶ 6. Defendant claims that the trial court erred in dismissing his motion for lack of jurisdiction and in deferring to the DOC. He argues that awarding credit for presentence incarceration under § 7031(b) is a legal determination for the sentencing court and that his motion should not have been dismissed for lack of jurisdiction. We disagree and conclude that, whether defendant's motion presented a legal issue, the trial court acted within its discretion in dismissing it. Under 13 V.S.A. § 7044(a), in all cases where the court imposes a sentence that includes incarceration, the Commissioner of Corrections must provide the court and the Defender General with a calculation of "the potential shortest and longest lengths of time the defendant may be incarcerated taking into account the provisions for reductions of term . . . based on the sentence or sentences the defendant is serving, and the effect of any credit for time served as ordered by the court pursuant to 13 V.S.A. § 7031." 13 V.S.A. § 7044(a). The Commissioner's calculation for defendant's second sentence had not been issued when he filed his motion in the trial court. The court, therefore, had not yet received all the facts necessary to make a determination about whether defendant should receive credit.[1] Whether or not the court has jurisdiction over the credit issue here, defendant's motion was premature, and the court acted within its discretion in deferring to the DOC.

¶ 7. The governing precedent for determining the options of the trial court is *State v. Young*, 2007 VT 30, 181 Vt. 603, 925 A.2d 1016 (mem.). *Young* is based on facts similar to those before us in this case. The decision attempts to reconcile the Commissioner's responsibility to calculate defendant's minimum and maximum sentence under 13 V.S.A. § 7044(a) with the court's obligation to "give the person credit toward service of his or her sentence for

---

[1] We acknowledge that the statute requires the calculations to be issued within thirty days of sentencing and that the time limit was exceeded in this case. Defendant did not, however, raise any arguments about the issuance of the Commissioner's calculations; instead, he simply asked the court to make a decision before it had been given the relevant sentencing calculations from the DOC.

any days spent in custody in connection with the offense." 13 V.S.A. § 7031(b). In *Young*, we recognized that "[s]ections 7031 and 7044, read together, do not require the trial court to calculate time served, but rather allow the court to order the DOC to do so. In the majority of cases, the DOC is in a far better position than the trial court to make the calculation . . . ." 2007 VT 30, ¶ 4. This Court also recognized, however, that "there are cases in which the trial court is in a better position than the DOC to calculate time served, as when the calculation depends on legal determinations the DOC is less equipped to make." *Id.* ¶ 4 n.∗. Though we noted that the trial court might be better equipped to make a determination in certain circumstances, *Young* does not require the trial court to calculate time served. Rather, *Young* specified that the trial court has discretion to decide whether to make a calculation in certain cases or to rely on the DOC to calculate time served. *Id.* Regardless of whether defendant's motion presented a legal issue for which a judicial decision was necessary, without the Commissioner's calculation, the trial court in this case did not have sufficient information to respond to defendant's request. The court thus acted within its discretion when it dismissed defendant's motion.

 ¶ 8. For future cases, we clarify the other ways that the superior court can determine whether defendant has received proper sentence credit "for any days spent in custody in connection with the offense for which sentence was imposed." 13 V.S.A. § 7031(b). As set out in *Young*, the sentencing court can decide that calculation of the time served involves a legal question that is best resolved by the court, and it can specify the extent of the credit, if any. 2007 VT 30, ¶ 4 n.*; see *State v. Blondin*, 164 Vt. 55, 56, 665 A.2d 587, 589 (1995) (considering defendant's case where sentencing court denied any credit and defendant argued that "the plain meaning of 13 V.S.A. § 7031(b) and the case law construing the statute require that he be given credit for the six months he spent in jail before he was sentenced" on a subsequent charge). Second, the court can leave the sentence calculation to the Commissioner under 13 V.S.A. § 7044(a). In that case, the normal remedy to challenge the Commissioner's conclusion would be an appeal to the civil division of the superior court under Vermont Rule of Civil Procedure 75. *Young*, 2007 VT 30, ¶ 5; see also *Martel v. Lanman*, 171 Vt. 547, 547, 759 A.2d 65, 66 (2000) (mem.) (employing this method of review in challenge claiming

Commissioner's credit decision was inconsistent with 13 V.S.A. § 7031(b)). The third method is review of the sentence under Vermont Rule of Criminal Procedure 35(a) to determine whether the sentence is illegal under 13 V.S.A. § 7031(b) because it fails to give defendant credit for days spent in custody in connection with the crime(s) for which defendant is sentenced. See *State v. Arcand*, 403 N.W.2d 23, 24, 24 n.1 (N.D. 1987) (considering defendant's motion under North Dakota's criminal rule, Rule 35(a), arguing that he should have received credit for 49 days spent in custody "as a result of the criminal charge for which the sentence was imposed" (quotation omitted)); see also *Young v. State*, 46 P.3d 295, 297 (Wyo. 2002) (considering defendant's motion pursuant to Wyoming criminal rule, Rule 35(a), claiming entitlement to 120 days credit for time served from arrest for probation violation until resentencing and release into probation program); *United States v. Martinez*, 319 F.App'x 805, 806 (11th Cir. 2009) (per curiam) (considering defendant's motion under former Federal Rule of Criminal Procedure 35(a) requesting credit against his federal sentence for time he was serving state sentence for earlier crimes). For purposes of such review, the Commissioner's determination is considered final and reflects the determination of the effect of the sentence imposed. The question is whether the sentence imposed, including the credit given for time served, if any, is lawful. As defendant tried to do in this case, the motion can include a request for sentence reconsideration under Rule 35(b) if such a request is timely under the rule. See *State v. Platt*, 158 Vt. 423, 426, 428 n.1, 610 A.2d 139, 142, 143 n.1 (1992) (considering motion for review of sentence under Rule 35, and declining to reach merits under Rule 35(a), but reaching merits under Rule 35(b) and stating that, "Sentence reconsideration can be used to correct an illegal sentence or one 'imposed in an illegal manner.' V.R.Cr.P. 35(a) . . . . More often it is used to modify a lawful sentence. V.R.Cr.P. 35(b) . . . .").

¶ 9. While we agree that the trial court acted within its discretion in dismissing defendant's motion, we decide to end this controversy by reviewing the merits of defendant's claim. The merits of this case involve a fundamental legal question, and therefore "our review is nondeferential and plenary." *Francis v. Hofmann*, 2008 VT 137, ¶ 8, 185 Vt. 580, 969 A.2d 97 (mem.). Upon review, we conclude that defendant's claim fails on the merits. Defendant argues that § 7031(b) requires that he receive

credit for time served against his second sentence minimum, thereby reducing his overall minimum by thirteen months. He argues that this result would not give him double credit because credit would be applied only against his aggregated minimum. We conclude otherwise. By requesting that the thirteen months now be credited against his aggregated minimum, defendant is really asking that the time be credited to both his new minimum as well as to his old maximum, thus creating a double credit situation.[2]

¶ 10. This Court has already considered and rejected defendant's argument in a number of cases. Two cases that relate directly to defendant's claim are *State v. Blondin*, and *Martel v. Lanman*. In *Blondin*, defendant sought credit for the presentence time he had spent in jail "toward both his underlying sentence and his new sentence[,] even though the district court determined that the sentences should be served consecutively." 164 Vt. at 56, 665 A.2d at 589. This Court declined to grant the defendant's request, finding that it would lead to double credit and effectively make the underlying and new sentences concurrent for application of the presentence jail time. *Id.* We held that,

> when a defendant is incarcerated based on conduct that leads both to revocation of probation or parole and to conviction on new charges, the time spent in jail before the second sentence is imposed should be credited toward only the first sentence if the second sentence is imposed consecutively, but toward both sentences if the second sentence is imposed concurrently.

*Id.* at 61, 665 A.2d at 592. In reaching this conclusion, we noted that if "parole violators who are jailed . . . on new charges [are] given double credit for time served before imposition of either the new or the underlying sentence . . . [s]uch an irrational result would be contrary to the view of the vast majority of courts construing virtually identical statutes in similar situations." Moreover, "it would undermine the trial court's ability to impose consecutive sentences," instead "provid[ing] incentives for both

---

[2] We acknowledge that, like the trial court, we do not have the Commissioner of Corrections' sentencing calculations, which should be provided under 13 V.S.A. § 7044, but we presume that defendant will be given credit towards his first sentence maximum, and defendant acknowledges in his brief that "[t]hese thirteen months should be credited to both the minimum and the maximum of [defendant's] aggregate sentence."

defendants and the State to try to manipulate the timing of judicial proceedings so as to shorten or lengthen the ultimate sentence served." *Id.* at 56-57, 665 A.2d at 589.

¶ 11. The general rule adopted in *Blondin* was reaffirmed by this Court in *Lanman*, under facts similar to those before us in this case. 171 Vt. at 548, 759 A.2d at 66. In *Lanman*, the defendant had completed the minimum term under his first sentence and sought credit against the minimum term of a second sentence for time served pending the second sentence. Relying on *Blondin*, we declined the request, holding that when he was incarcerated he was serving the first sentence beyond the minimum term and was entitled to nothing more. *Id.*

¶ 12. The rationale in *Blondin* has been uniformly recognized by both federal and state courts in jurisdictions having statutory language similar to 13 V.S.A. § 7031(b).[3] See *State v. Boettcher*, 423 N.W.2d 533, 536-37 (Wis. 1988) (observing "federal courts have been unanimous in concluding that, in the case of consecutive sentences, there is no requirement that there be a time credit against more than one sentence"; and noting "federal courts are firm and unanimous that there shall be no dual credit for the same presentence time served"); see also *State v. Price*, 2002 MT 150, ¶ 29, 50 P.3d 530 (listing other jurisdictions which have consistently interpreted similar statutes to disallow double credit). In *Lanman*, we explained that the purpose of 13 V.S.A. § 7031(b) is to ensure that offenders unable to make bail do not serve longer sentences than those who can make bail, and we noted that the defendant's incarceration was "the result of his convictions for multiple offenses, not pretrial incarceration for failure to make bail." 171 Vt. at 548-49, 759 A.2d at 66. Here, defendant similarly received a longer sentence as a result of multiple convictions, not failure to make bail.

¶ 13. Defendant urges that we narrow *Blondin* because minimum and maximum terms must be treated as separate and distinct. Cf. *St. Gelais v. Walton*, 150 Vt. 245, 248, 552 A.2d 782, 784 (1988) (explaining that minimum and maximum terms should be treated separately). We rejected this argument in *Lanman* and

---

[3] In *Blondin*, this Court compared 13 V.S.A. § 7031(b) with an analogous section of the federal code and noted that "federal courts have unanimously refused to allow double credit . . . in situations similar to the one presented here." 164 Vt. at 57-58, 665 A.2d at 590.

see no reason to revisit it here. Nor are we persuaded by defendant's attempt to distinguish *Lanman* and *Blondin* because his presentence credit commenced after revocation of his community status. He argues in this case that giving him credit against his second sentence minimum term does not run afoul of the restriction on double credit. We disagree. Community status applies "[w]hen a sentenced offender has served the minimum term of the total effective sentence, [and] the department . . . release[s] the offender from a correctional facility under section 808 of [Title 28] for the offender to participate in a reentry program *while serving the remaining sentence* in the community." 28 V.S.A. § 723(a) (emphasis added). Under community status, the DOC "extend[s] the limits of the place of confinement of an inmate," but the inmate is still confined. 28 V.S.A. § 808(a). Community status changes only the place of confinement and is not the equivalent of release. Defendant was still confined when he was arraigned for the crimes that led to his second sentence, and he was moved back to jail because of his own criminal actions.

*Affirmed.*