NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 55

No. 2017-225

| | |
|---|---|
| In re Mathez Act 250 LU Permit (Sung-Hee Chung, Appellant) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | February Term, 2018 |

Thomas G. Walsh, J.

Ronald A. Shems and Abaigeal O'Brien, Law Clerk (On the Brief), of Diamond & Robinson, P.C., Montpelier, for Appellant.

David L. Grayck of Law Office of David L. Grayck, Montpelier, for Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **REIBER, C.J.** Sung-Hee Chung (neighbor) appeals the Environmental Division's grant of summary judgment to Lori and Richard Mathez (applicants). The appeal concerns whether the District Commission exceeded its authority by issuing a second notice for a final Act 250 permit when, due to applicants' failure, neighbor did not receive notice of the permit before it became final, and neighbor failed to timely appeal. We affirm.

¶ 2. On May 9, 2016, applicants applied for an Act 250 permit to build a 75' by 100' steel building for a commercial vehicle repair and body shop, a "minor application" under Act 250. See 10 V.S.A. § 6084 (describing different application processes for "major" and "minor" applications). The minor application form includes one section for applicants to list adjoining landowners and another section to list those with a significant interest in the affected property. The District Commission relies on the section listing adjoining landowners to provide notice of the permit

application, which is required by law.[1]  See Id. § 6084(b)(2) (requiring District Commission to provide notice of minor application to adjoining landowners pursuant to rules of Natural Resources Board).  Applicants share a driveway with neighbor and her spouse, Wyle Solomon.  Applicants listed Solomon in the section for those with a significant interest in the property but omitted to name either Solomon or neighbor in the section listing adjoining landowners.  Neighbor did not receive notice of the permit application and did not request a hearing before the permit issued, without a hearing, on June 15, 2016.  Id. § 6084(b), (c) (stating hearing not required for minor permit application but allowing persons who receive notice pursuant to § 6084(b)(2) to request hearing).

¶ 3.     On July 21, 2016, neighbor noticed large trucks on the shared driveway.  Learning about the permit from the drivers, she wrote to the District Coordinator and said she thought she should have been notified.  The District Coordinator replied to the email the next day, confirming she should have been notified.  Neighbor did not seek to challenge or appeal the permit.[2]  On August 25, 2016, the District Commission sent out a second Act 250 notice for the permit, stating it was "again reviewing this application under Act 250 Rule 51" and would decide "the status of [the] permit . . . as a component of its current application review."  The second notice also reopened the window to request a hearing until September 14, 2016.  The Commission sent this second notice of the application to neighbor and her husband, as well as the other landowners listed in the original

---

[1]  Applicants assert that adjoining landowners are not required to receive notice.  This is incorrect.  See 10 V.S.A. § 6084(b)(2) (stating "the District Commission shall provide notice of the commencement of application review" to specified list of persons, including "adjoining landowners," according to Board rules); Act 250 Rules, Rule 10(F), Code of Vt. Rules 12 004 060, http://nrb.vermont.gov/sites/nrb/files/documents/2015%20Adopted%20Rules.pdf [https://perma.cc/NYG4-QEZT] [hereinafter Act 250 Rules] (authorizing chair of District Commission to exercise discretion in providing notice to adjoining landowners but requiring chair to issue "waiver of personal notice" if deciding not to issue notice).

[2]  Neighbor has stated that she did not immediately seek the advice of counsel or file an appeal because the District Coordinator and Natural Resources Board advised her that if an agreement could not be reached with applicants, they "would be willing to revoke and re-notice the Mathez permit based on lack of notice."  But she did not argue on appeal that her detrimental reliance on this advice should excuse her failure to take action.  Therefore, we do not reach the question of whether this advice would provide a basis for relief.  See In re Boardman, 2009 VT 42, ¶ 20, 186 Vt. 176, 979 A.2d 1010 (per curiam) (explaining that we will not consider issues not adequately briefed on appeal).

application. It did not explain the status of the permit, direct applicants to resubmit an application, or issue a stay.

¶ 4. On September 2, 2016, applicants appealed the second notice to the Environmental Division under 10 V.S.A. § 8504(a), which authorizes direct appeals of District Commission decisions to the Environmental Division. Neighbor filed a motion to intervene on September 13, 2016, and a cross-appeal on November 2, 2016. Applicants filed a motion for summary judgment in the Environmental Division. After a hearing, the court decided that although the decision applicants sought to appeal was not a final judgment, it was reviewable because it alleged that the Commission had acted outside its authority, its decision would require a second application process, and a delayed review would cause harm. On the merits, the court held that in issuing a second notice, the District Commission "attempted to void or revoke" the permit, which was analogous to a collateral attack on a final decision, and the Commission lacked the authority to do so. The second notice was therefore beyond the Commission's authority. Accordingly, the court granted summary judgment in favor of applicants and ordered the District Commission to vacate its decision to issue a second notice of the permit. Neighbor appeals.

¶ 5. "Our review of the Environmental Division's decision on a motion for summary judgment is de novo." In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 8, 202 Vt. 234, 148 A.3d 568 (quotation omitted)). This Court applies the same standard as the trial court. Id. Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; V.R.C.P. 56(a).

I. Environmental Division's Jurisdiction over Appeal

¶ 6. Our threshold question is whether the Environmental Division had jurisdiction over the appeal even though the decision appealed was not a final order.[3] This is a legal question that we

---

[3] Although initially applicants contended 10 V.S.A. § 8504(a) permitted a direct appeal of the Commission's second notice, on appeal, no party argues that a direct appeal was permitted here.

review de novo. See State v. Sommer, 2011 VT 59, ¶ 5, 190 Vt. 236, 27 A.3d 1059 ("Whether a court has subject matter jurisdiction is a question of law, and we review questions of law de novo.").

¶ 7. In general, our courts do not "review a decision that is not a final disposition of the matter," In re Taft Corners Assocs., 160 Vt. 583, 588, 632 A.2d 649, 652 (1993), and no one contends the District Commission's second notice was a final order. See also In re Pelham N., Inc., 154 Vt. 651, 652, 578 A.2d 124, 124 (1990) (mem.) (noting that executive agencies are vested with authority to exercise discretion and expertise, and therefore "the agency should be given the first chance to exercise [its] discretion or apply [its] expertise," making it inappropriate to "judge a case piecemeal" except in "limited exceptions" (quotation omitted)). Nor did applicants seek or receive permission from the District Commission to bring an interlocutory appeal under Vermont Rules of Appellate Procedure 5 or 5.1. Thus, we must determine whether the appeal is nonetheless reviewable.

¶ 8. The Environmental Division has no court procedural rules addressing interlocutory review, so the court correctly relied on Vermont Rule of Appellate Procedure 13, which instructs interlocutory review of agency decisions to be considered pursuant to 3 V.S.A. § 815(a). See V.R.E.C.P. 5(a)(2) (stating that Environmental Division follows V.R.A.P. unless V.R.E.C.P. apply); Reporter's Notes, V.R.A.P. 13 (stating that "by virtue of 3 V.S.A. § 815(a), appeals of interlocutory rulings of administrative agencies should be treated as appeals from final decisions"). We have explained that 3 V.S.A. § 815(a) permits interlocutory review of an agency action "if review of the final decision would not provide an adequate remedy . . . or . . . the nature of the claimed defect in the order is such that the harm is greatly aggravated by delay." Taft Corners Assocs., 160 Vt. at 589, A.2d at 652 (quotation omitted). Under this rule, review of an interlocutory order is appropriate "where an agency has clearly exceeded its jurisdiction." Id. at 588, 632 A.2d at 652; see also Pelham N., Inc., 154 Vt. at 652, 578 A.2d at 125 ("The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction."). In other words, if an agency has exceeded its jurisdiction, review of the final decision would not create an adequate remedy. In that situation, the decision may "require[] the applicant virtually to commence the

4

application process again" and create "delay and expense" that "justify our consideration of the interlocutory decision." Taft Corners Assocs., 160 Vt. at 589, A.2d at 652.

¶ 9.     In this case, applicants contest whether the District Commission had authority to issue a second notice of a final permit.  Because the matter challenged is whether the Commission "clearly exceeded its jurisdiction," and delaying review until the final decision would harm the parties, we conclude that interlocutory review was appropriate.[4]

## II.  District Commission's Jurisdiction to Issue Second Notice

¶ 10.    Next we address whether the District Commission had jurisdiction to issue a second notice for a final permit.  This is also a question of law that we review de novo.  See State v. Sommer, 2011 VT 59, ¶ 5.

¶ 11.    Neighbor contends that in issuing a second notice, the District Commission was correcting an error, not adjudicating the final permit a second time, and the Commission has express, inherent, and implied authority to correct errors.  Neighbor also observes that the revocation process under 10 V.S.A. § 6027(g) does not adequately provide for correcting a mistake.

¶ 12.    Neighbor's arguments miss the mark.  The question here is not whether the Commission has authority to correct a mistake.  The issue is whether the Commission has the authority to issue a second notice of a permit after it has become final and which no one challenged or appealed.  Without deciding whether a District Commission ever at any time has authority to issue a second notice of a permit, we conclude that the Commission did not have that authority here.

¶ 13.    As an executive agency, the Commission possesses only that authority which the Legislature has granted.  See, e.g., In re Boocock, 150 Vt. 422, 424, 553 A.2d 572, 574 (1988) ("As

---

[4] Neighbor argues interlocutory review is inappropriate because applicants failed to show that appeal of the final decision would be an inadequate remedy.  Neighbor is correct that the appellant bears the burden of showing interlocutory review is appropriate.  In re Cent. Vt. Public Serv. Corp., 142 Vt. 138, 139, 453 A.2d 1108, 1109 (1982) (placing burden of showing inadequate remedy from final order on appellants).  But applicants met that burden here by challenging the Board's authority to issue the second notice.  See In re Green Mountain Corp., 133 Vt. 107, 109, 329 A.2d 372, 373-74 (1974) (concluding "there [was] an issue presented that may not be adequately remedied on appeal" because Public Service Board may not have authority to take challenged actions).

a public administrative body, the [Labor Relations] Board has only that adjudicatory authority conferred on it by statute."). Act 250 and its rules authorize the District Commission to grant or deny permits and to correct application errors in certain circumstances. See 10 V.S.A. § 6025(b)(3) (authorizing Natural Resources Board to create procedures for District Commission to approve Act 250 permits); Act 250 Rules, Rule 30 (directing District Commission to approve, approve with conditions, or deny permit applications); Act 250 Rules, Rule 31 (allowing District Commission to alter Act 250 permits in certain circumstances); Act 250 Rules, Rule 34 (authorizing District Commission to amend permit in certain circumstances). Aggrieved parties may also challenge an issued permit. See 10 V.S.A. § 8504(a) (authorizing appeal of District Commission decision to Environmental Division).

¶ 14. These opportunities are circumscribed; they do not give the Commission open-ended authority to change a permit or an aggrieved party unlimited opportunity to appeal. See In re Treetop Dev. Co. Act 250 Dev., 2016 Vt. 20, ¶ 11, 201 Vt. 532, 163 A.3d 1086 ("Any changes to the permit or the conditions therein must be made pursuant to the formal permit amendment procedure outlined in the Act 250 rules."). For example, Rule 31, which grants the Commission authority to alter a permit, authorizes the Commission to act on its own motion only within thirty days of when the permit issued, and only with respect to "manifest error, mistakes, and typographical errors and omissions." Act 250 Rules, Rule 31(A)(4). As for an appeal, an aggrieved person must file a notice of appeal within thirty days of when the permit issued. V.R.A.P. 4(a)(1). Otherwise, the person cannot appeal unless the court grants an extension of time to appeal, V.R.A.P. 4(d), or the court reopens the time to appeal, V.R.A.P. 4(c). An extension of time must be requested within thirty days of the initial period of appeal, which in this case would have been sixty days from the date the permit issued, and the appellant must show "excusable neglect or good cause." V.R.A.P. 4(d)(1). To reopen an appeal, the appellant must file within ninety days of the decision appealed or within fourteen days of receiving notice, whichever is earlier, and she or he must show lack of required notice and no prejudice to any party. V.R.A.P. 4(c); see, e.g., In re

6

Mahar Conditional Use Permit, 2018 VT 20, ¶¶ 19-22, __ Vt. __, __ A.2d __ (finding parties filed within ninety days of decision and lacked required notice but remanding to determine prejudice).

¶ 15. No one employed any of these opportunities here. Admittedly, some of these options were not available. Neighbor and the Commission did not discover the error until more than thirty days after the permit issued. But neighbor was not foreclosed from requesting the court to extend or reopen the time to appeal. She did not do so. Having failed to appeal through an authorized procedure, neighbor cannot now appeal the permit through this alternative second-notice process. Nor can the Commission create a new procedure in order to address her concerns. See Treetop Dev. Co., 2016 VT 20, ¶ 16 (stating there are mechanisms to challenge District Commission's decision but mechanisms need to be exercised by parties); Taft Corners Assocs., 160 Vt. at 593, 632 A.2d at 654 (finding that, because permit was not timely appealed, the permit is final, regardless of whether it was properly granted in the first place).

¶ 16. We recently decided an analogous case, In re Mahar Conditional Use Permit, which addressed arguments that an appeal was timely, even though it was outside prescribed time limits, because the appellants lacked notice of a Development Review Board's decision. 2018 VT 20. We recognized "the tension between fairness and the finality of judgments that exists in all types of cases." Id. ¶ 16. Both fairness and finality are important. As we explained in Mahar, to protect and balance these competing interests, procedural rules set deadlines and specific exemptions to those deadlines. See V.R.A.P § 4(c) and (d). "To ensure fairness, the procedural rules provide avenues to extend or reopen the appeal period for various reasons, including when individuals do not receive proper notice of the judgment they seek to appeal." Mahar, 2018 VT 20, ¶ 16. Neighbor here did not take advantage of these avenues. Further, "[t]o protect finality, the appeal period is triggered by the entry of judgment and does not indefinitely stay open, even if a party did not get notice of the underlying judgment." Id. Just as in Mahar, in this case the existing procedural rules already set the balance between finality and fairness. The District Commission is limited by the applicable statutes and rules and cannot create an alternative mechanism for review. See id. ¶ 12 ("A party's failure to

7

timely appeal deprives the Environmental Division of subject-matter jurisdiction over the appeal."). The compelling fact of neighbor's lack of notice is not in itself enough to allow a final permit to be reopened. Id. ¶ 15 ("[T]o invoke the jurisdiction of the Environmental Division, there must be a timely filed notice of appeal . . . . There is no automatic exception . . . based on a lack of notice . . . .").

¶ 17. Having found that the Environmental Division had jurisdiction over the appeal, and that the District Commission had no authority to issue a second notice of a final permit, we conclude that the court did not err in granting summary judgment in favor of applicants.

Affirmed.

FOR THE COURT:

_____
Chief Justice

8