*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2017-401

JUNE TERM, 2018

| | |
|---|---|
| State of Vermont v. Edward Carrasquillo* } | APPEALED FROM: |
| } | |
| } | Superior Court, Chittenden Unit, |
| } | Criminal Division |
| } | |
| } | DOCKET NOS. 6727/6728/6729/ |
| | 6730-11-99 Cncr |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals the criminal division's ruling on his motion to correct an illegal sentence pursuant to Vermont Rule of Criminal Procedure 35(a). He argues that the court erred by not crediting him for a federal sentence he served against each of his consecutively imposed Vermont sentences. We affirm.

Following a May 2000 jury trial, defendant was convicted of aggravated assault on a law enforcement officer, kidnapping, and escape. Defendant committed the crimes during an altercation at the prison where he was incarcerated. On September 6, 2000, the day after defendant was sentenced by a federal court to seventeen and one-half years on federal charges, the trial court sentenced defendant to fifteen and one-half to sixteen years on the aggravated assault charge, nine and one-half to ten years on the escape charge, and twenty to thirty years on the kidnapping charge. The court made the state sentences consecutive to one another, for an aggregate sentence of forty-five to fifty-six years to serve. Further, it made the aggravated assault and escape sentences concurrent with the federal sentence, but it made the kidnapping sentence consecutive to the federal sentence. Following defendant's appeal, this Court affirmed his conviction and sentence. See State v. Carrasquillo, 173 Vt. 557 (2002) (mem.).

In June 2017, after defendant completed his federal sentence and a Massachusetts sentence and was taken into Vermont custody to complete his Vermont sentence, he filed a motion in the criminal division to amend the mittimus to correct an illegal sentence. He argued, among other things, that he did not receive either sufficient pretrial credit or appropriate good-time credit. The court granted the motion in part and denied it in part. Noting that the mittimus contained a clerical or transcription error by indicating that credit for time served was due without specifying the amount of credit due, the court amended the mittimus to credit defendant for 167 days of pretrial detention. The court also gave defendant a credit of fourteen years, three months, and twenty-six days for the federal sentence he served, but only against the aggregate of the aggravated assault and escape sentences, as directed by the sentencing court in September 2000. Regarding the accuracy of any good-time credit, the court stated that nothing in the record showed any obvious error in the good-time calculation, but that defendant could challenge that calculation through administrative proceedings and, if necessary, an appeal to the civil division of the

superior court under Vermont Rule of Civil Procedure Rule 75. See <u>State v. Sommer</u>, 2011 VT 59, ¶¶ 7-8, 190 Vt. 236 (discussing various ways defendants can challenge sentences).

In October 2017, after the Department of Corrections amended its sentence calculation, defendant filed a second motion to amend the mittimus. He argued, among other things, that because Vermont law requires aggregate minimum and maximum terms when a defendant is given consecutive sentences for multiple convictions, and because the trial court docket entries indicate that each of the terms that formed the aggregate sentence were to commence on the date of the sentencing, he must receive credit for his federal sentence against not just the aggravated assault and escape sentences but also the kidnapping sentence. The court addressed other issues raised in the motion, but did not explicitly address this argument, which defendant renews on appeal to this Court.

We find no merit to defendant's argument to the extent he did not waive it by failing to appeal the criminal division's August 8, 2017 order denying his first motion to amend the mittimus. Defendant is correct that when sentences are imposed consecutively for two or more offenses, the minimum and maximum terms of each sentence are added together to arrive at aggregate minimum and maximum terms. 13 V.S.A. § 7032(c)(2). Defendant is also correct that the trial court docket entry for September 6, 2000, indicates for each of the three sentences that they commence on September 6, 2000, the date of sentencing. These two facts, however, do not support defendant's argument that he should have received credit against his kidnapping sentence for the time he served on his federal sentence.

The trial court docket entry indicating a sentence commencement date of September 6, 2000, merely reflects the fact that defendant was to begin serving his aggregated sentence immediately, beginning on the day of his sentencing. See 13 V.S.A. § 7031(b) ("The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence."); see also 13 V.S.A. § 7032(b) (stating that when "multiple sentences are imposed they shall run concurrent with or consecutive to each other as the court determines at the time of sentencing and each shall run from its respective date of commitment after sentence"). The fact that multiple consecutive sentences are aggregated does not mean that the sentencing court cannot give credit for another sentence against some but not all of the individual sentences that comprise the aggregate. Section 7032(c)(2) does not require such a result. If we were to accept defendant's position, it would effectively make all of his sentences concurrent with each other and the federal sentence, which would directly contravene the September 2000 sentence imposed by the trial court. Accordingly, the criminal division did not err in crediting defendant's federal sentence against the aggregate of only the aggravated assault and escape sentences, but not the kidnapping sentence.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice