STATE OF VERMONT

SUPERIOR COURT                                ENVIRONMENTAL DIVISION
                                              Docket No. 125-11-18 Vtec

---

Shelburne Green LLC 120 Graham Way

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other OTR (125-11-18 Vtec)

Title:              Motion to Dismiss Appeal (Motion 1)

Filer:              Shelburne Green, LLC

Attorney:           Peter G. Raymond

Filed Date:         December 14, 2018

Response joining motion filed on 12/17/2018 by Attorney Brian P. Monaghan for Interested
      Person Town of Shelburne

**The motion is GRANTED.**

Shelburne Green, LLC, (Shelburne Green) seeks to modify its original proposal for a planned unit development (PUD), which the Town of Shelburne Development Review Board (DRB) previously approved.[1]  The DRB approved Shelburne Green's proposed changes to the original PUD in sketch plan review on April 4, 2018.[2]  When Shelburne Green then applied for preliminary plan approval of the proposed changes, the DRB bifurcated its preliminary review process to first evaluate whether the changes satisfied the requirements of In re Stowe Club Highlands. 166 Vt. 33, 38-39 (1996).  On October 22, 2018, the DRB determined that the changes passed the Stowe Club Highlands test and set a hearing for reviewing the merits of the application.  Before that hearing took place, Gables Area Association, Inc., (Gables Area Association), a neighboring condominium homeowners' association, timely filed its appeal with this Court on November 20, 2018.  Presently before the Court is Shelburne Green's motion to dismiss Gables Area Association's appeal.

In its motion to dismiss, Shelburne Green asserts that this Court does not have jurisdiction over this matter because the DRB's determination was not a final and binding decision that could be appealed.  The DRB, it argues, reached a partial, nonbinding conclusion that was a small part of the larger preliminary review process.

In reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1), this Court accepts all uncontroverted factual allegations as true and construes them in

---

[1] The DRB's conditional use approval of the original PUD proposal became effective on June 18, 2014.  Its site plan approval of the proposal was effective as of March 16, 2016.

[2] More specifically, Shelburne Green seeks to amend the building size limitation in the original approval to allow one of the PUD's buildings to be 32,000 square-feet; to shift the hours of operation for food service—currently 6:00 a.m. to 6:00 p.m.—to 10:00 a.m. to 10:00 p.m.; and to update its lighting, utility, landscaping, wastewater, and walkway plans.

the light most favorable to the nonmoving party. In re Pelkey Final Plat Major Subdivision, No. 172-12-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 3, 2013) (Durkin, J.) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245).

This Court only has jurisdiction over an appeal under 24 V.S.A. § 4471(a) if the appealed-from municipal decision is final and binding. See Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. July 15, 2016) (Walsh, J.). Municipal decisions are final when they resolve the "ultimate issue" before the municipal body. Scott Farm Act 250, No. 48-4-17 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017) (Walsh, J.) (citing Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997)).

We have not previously considered whether a DRB decision in the first phase of a larger preliminary review process is final and binding. In assessing the finality of other municipal decisions in multi-stage review processes, this Court has examined whether the municipality's regulations gave the municipal body authority to decide the relevant issue at that stage of review. See, e.g., In re Perras & Sons, Inc. Preliminary Plat, No. 29-2-06 Vtec, slip op. at 6-8 (Vt. Envtl. Ct. Oct. 18, 2006) (Durkin, J.) (concluding that a municipal decision that a project was a "major" subdivision was final and binding because the municipal regulations authorized and required a decision on that issue at that stage); In re Pintair Discretionary Permit, No. 54-5-15 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. July 15, 2016) (Walsh, J.) (unappealed municipal conclusion that a "specific plan" was required for a project is final because the municipal regulations required resolution of that question at that part of the review). We turn to the Town of Shelburne Zoning Bylaws (Bylaws) to assess whether the DRB had authority to render a final decision in its bifurcated review.

We interpret a municipality's bylaws using the familiar tools of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. Primary among these is construing the words "according to their plain and ordinary meaning" and "giving effect to the whole and every part of the ordinance." Id. (citations omitted). We adopt the interpretation that "implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Lashins, 174 Vt. 467, 469 (2002) (mem.) (citation and quotation omitted).

The Bylaws provide for the type of bifurcated, staged review that the DRB engaged in below. Bylaws § 2015. As the Bylaws state, when the DRB conducts a staged review, "[n]o final decision will be issued regarding any part of the staged review until that larger process is complete . . . ." Bylaws § 2015.2. Thus, we conclude that the plain language of the Bylaws did not authorize the DRB to render a final and binding decision at this stage of the proceedings. The DRB decision itself noted this in its findings and qualified its conclusions as "partial."

Further, the DRB has not yet addressed the ultimate issue in its review: whether the merits of Shelburne Green's proposal warrant preliminary plan approval. See In re Pelham North, Inc., 154 Vt. 651, 652 (1990) (citation omitted) (concluding that the order below did not produce a "final disposition of the subject matter" and declining to undertake piecemeal review). In the interest of judicial economy, and keeping in mind that this Court cannot write advisory opinions, we decline to engage in piecemeal review of a determination that is a single part of the larger preliminary review process. See Scott Farm, No. 48-4-17 Vtec at 1-2 (Aug. 22, 2017) (Walsh, J.) (citing Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997)) (dismissing appeal because the Act 250 district commission below only decided the threshold question of whether it could consider changes to the permit and had not yet approved or denied the changes).[3]

_____

[3] While Scott Farm is set in the Act 250 context, this Court has routinely applied principles of finality developed in Act 250 cases to municipal appeals, including the doctrine developed in Stowe Club Highlands. See,

We also note that Shelburne Green, as the applicant, is well-positioned to understand the burdens it bears as it prepares for each hurdle of the review process. We afford consideration to Shelburne Green's opinion that judicial efficiency is best served by an appeal of a later, more complete, DRB decision. This is especially true where Gables Area Association has not argued to the contrary and retains the ability to challenge Shelburne Green's proposed changes under the <u>Stowe Club Highlands</u> factors at a later point in the review process.

Based on the foregoing, we conclude that we do not have jurisdiction over Gables Area Association's appeal of the DRB's decision, which lacks finality. Accordingly, we **GRANT** Shelburne Green's motion to dismiss, without prejudice to Gables Area Association's right to appeal future DRB decisions related to this matter.

This completes the current proceedings before the Court. A Judgment Order issues with this Entry Order.

So ordered.

Electronically signed on January 17, 2019 at 1:28 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
L. Brooke Dingledine (ERN 2387), Attorney for Appellant The Gables Area Assoc. Inc.
Peter G. Raymond (ERN 8814), Attorney for Appellee Shelburne Green, LLC
Brian P. Monaghan (ERN 1186), Attorney for Interested Person Town of Shelburne

---

e.g., <u>In re Ledgewood Condo PUD CU Amend. Application</u>, No. 150-7-07 Vtec, slip op. at 8-9 (Vt. Envtl. Ct. Aug. 26, 2008) (Durkin, J.); <u>In re Appeal of Hildebrand</u>, No. 228-12-04 Vtec, slip op. at 5-6 (Vt. Envtl. Ct. Oct. 13, 2005) (Durkin, J.), *aff'd*, 2007 VT 5, 181 Vt. 568.