STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                      Docket No. 92-8-19 Vtec

| Mongeon Bay Prop, LLC ZA Appeal |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Appeal from ZA (92-8-19 Vtec)

Title:          Motion to Dismiss (Motion 1)
Filer:          Mongeon Bay Properties, LLC
Attorney:   Alexander J. LaRosa
Filed Date:  August 14, 2019

Response filed on 08/15/2019 by Attorney Robert S. DiPalma for the City of Winooski

Response filed on 08/22/2019 by David E. Carter, Appellant

**The motion is GRANTED.**

Mongeon Properties LLC ("Applicant") owns three adjoining properties on or adjoining Main Street in the City of Winooski ("City") that it wishes to consolidate into one lot for future development.  The three lots are located at 101 Main Street, 109 Main Street, and 18 Mansion Street.

When the City of Winooski Zoning Administrator ("Zoning Administrator") approved Applicant's application of consolidation of the three lots and an application for a zoning permit to construct and use a four-story building on the consolidated lot for both commercial and residential use,[1] a Mansion Street neighbor, David E. Carter ("Appellant"), appealed those approvals to the City of Winooski Development Review Board ("DRB").[2]  The DRB affirmed the lot consolidation permit ("Permit No. 19-082"), but concluded that the application for a zoning permit to develop the consolidated new lot ("Permit No. 19-060") should be remanded, in part, with a direction that the Zoning Administrator make a separate determination on whether the portion of the consolidated lot that lies in the Residential C Zoning District ("R-C District") conforms to the applicable provisions governing that District within the City of Winooski Unified Land Use Regulations ("Regulations").[3]  Appellant then appealed both of the DRB determinations to this Court.

---

[1] Applicant intends to construct a four-story building with three commercial spaces on the first level, 75 residential dwelling units in the remainder of the building, and associated parking.

[2] The zoning approval was appealed to the DRB by Mr. Carter and H. Joseph Gamache, a fellow Mansion Street neighbor. After the DRB decision, Mr. Carter file the only appeal with this Court.

[3] The two adjoining lots located at 101 and 109 Main Street are located in the Gateway Zoning District ("G District"), while the property located at 18 Mansion Street also adjoins the two other lots, it is in a different

While this appeal was pending before this Court, the Zoning Administrator took up the portion of Permit No. 19-060 that the DRB had remanded. The Administrator issued a supplemental approval, after having determined that the portion of the proposed development that will be located in the R-C District conformed to the applicable provisions of the Regulation.

A neighbor of Appellant's, H. Gamache filed an appeal of the Zoning Administrator's supplemental approval of Permit No. 19-060, which was set to be heard before the DRB on September 19, 2019. Since the DRB has not yet rendered its determination on Mr. Gamache's appeal, that determination has not yet been appealed to this Court by any party.

Presently before the Court is a motion filed by Applicant to dismiss the present appeal before this Court of Permit No. 19-060 and Permit No. 19-082. The principal issues before the Court are whether the Court has subject matter jurisdiction to hear an appeal of Permit No. 19-060 and whether the request to stay this Court's proceedings concerning Permit No. 19-082 is within the court's discretion, particularly since all the involved parties agree a stay would serve the interest of judicial efficiency.

In the City and Appellant's response to the motion to dismiss, both parties have stipulated that the DRB's first decision concerning Permit No. 19-060 is not final and therefore not presently within the Environmental Division's subject matter jurisdiction. In addition, all parties agree that it is in the interest of judicial efficiency to stay the appeal of the DRB's decision concerning Permit No. 19-082 on consolidation, to allow an "orderly approach . . . so that all decisions relating to the proposed project are final at the DRB level."[4] Appellant's Response to Mongeon Motion to Dismiss Appeal at 1, filed Aug. 22, 2019 (quoting the City response to Mongeon Motion to Dismiss Appeal at 2, filed Aug. 15, 2019).

The Environmental Division of the Superior Court has exclusive jurisdiction over appeals pursuant to 24 V.S.A. §§ 4471(a), which authorizes appeals from "decisions" rendered by an "appropriate municipal panel." This Court has held that mere commentary, analysis, or guidance is not a final decision as it does not resolve an issue. In re Saxon Ptnrs LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017)(Walsh, J.) (interpreting 24 V.S.A. § 4471(a) "to authorize appeals of final, binding municipal decisions; mere commentary or guidance issued in a municipal proceeding is not appealable under 24 V.S.A. § 4471(a)"). The Environmental Division may only adjudicate actual cases or controversies, and may not render advisory opinions. In re 232511 Invs. Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 (citing Parker v. Town of Milton, 169 Vt. 74, 77); In re Stowe Club Highlands Merger/Subdivision Application, No. 35-3-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Feb. 15, 2012) (Walsh, J.) (holding that a municipal panel decision that provides guidance or hypothetical discussion is merely advisory). Moreover, this Court has found that when a municipal body issues a decision that fails to address an ultimate issue, the decision cannot be considered final. Scott Farm Act 250, No. 48-4-17 Vtec, (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017) (Walsh, J.); see also Jordan v. State Agency of Transp., 166 Vt. 509,

---

zoning district, the R-C District. While the Zoning Administrator determined that the consolidated lot conformed to the zoning regulations applicable to the G District, the Zoning Administrator made no determination as to whether the consolidated lot conformed to the Regulations applicable to the R-C District.

[4] In his motion to dismiss, the Applicant stated that the appeal of Permit No. 19-082, which concerns the lot consolidation, should be stayed until the appeal of Permit No. 19-060, which concerns the construction approval, is properly before the court. See Applicant's Motion to Dismiss Appeal of Permit No. 19-060 for Lack of Jurisdiction at 5, filed Aug. 14, 2019.

513 (1997) ("For an order to be final, it must have disposed of all matters that should or could properly be settled at the time and in the proceeding then before the decision-making body.") (internal quotations and alterations omitted).

The DRB's decision was not final because it remanded Permit No. 19-060 to the Zoning Administrator for a determination of whether the proposed development conformed the R-C District Regulations. While the DRB does address and deny the appeal challenging the Certificate of Conformity over the G District portion of the project, this decision does not resolve the appeal with respect to the R-C district portion of the project. The DRB decision left the question open and remanded the application for the "limited purpose" of directing the Zoning Administrator to address compliance with the R-C district Regulations.

Moreover, although we have been advised that the Zoning Administrator has issued a supplemental approval of Permit No. 19-060, that decision is not appealable to the Environmental Division until the DRB has issued a final decision. 24 V.S.A. §4465(a) (allowing appeals of administrative officer decisions in any municipality by filing a notice of appeal with the DRB of that municipality); In re Pelham N., Inc., 154 Vt. 651, 652 (1990) (mem.) (stating that "the agency should be given the first chance to exercise discretion or apply expertise," because judging a case "piecemeal" would inappropriately divest jurisdiction); see also Kotz v. Kotz, 134 Vt. 36, 38 (1975).

When considering a request to stay, the Vermont Rules of Environmental Court Proceedings provide that the Court "may, on its own motion, or on motion of a party, stay the act or decision and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2). The Court considers four factors when determining if necessity exists, which include: "(1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public." In re Granville Manufacturing Co., Inc., No. 2-1-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 01, 2011) (Durkin, J.); see also N. Cmty. Inv. Corp. Conditional Use Application, Nos. 123-6-07 Vtec, 128-6-07 Vtec, and 152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J.) (quoting In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)). When considering a motion to stay, the Court seeks to ensure that a stay would "preserve the rights of the parties on terms and conditions that are fair to all" during the pendency of the appeal. See Reporter's Notes, V.R.E.C.P. 5.

The stay of Permit No. 19-082 serves judicial efficiency because it is inextricably linked with the project governed by Permit No. 19-060. In addition, the stay will not cause irreparable injury and is unlikely to cause irreparable harm to other parties, as is evidenced by the parties' unanimous request that the stay be issued. In the case currently before the court, all parties have indicated their preference for staying the Permit No. 19-082 appeal.[5] Indeed, Appellant has no objection to placing the Permit No. 19-082 appeal "on hold" until the DRB renders a final decision concerning Permit No. 19-060. Appellant's Response to Mongeon Motion to Dismiss Appeal at 2, filed Aug. 22, 2019. In addition, both Permits concern the same property, the same

---

[5] Both Appellant and City of Winooski have assented to dismissal of the Permit No. 19-060 appeal and stay of the Permit No. 19-082 appeal.

proposed development, and the same parties.  See City of Winooski Response to Mongeon Motion to Dismiss Appeal at 2, filed Aug. 15, 2019.  As such, allowing the coordination of appeals for both permits in this case would enable a more comprehensive and efficient review mutually beneficial to all parties.

Therefore, the motion to dismiss the Permit No. 19-060 appeal is **GRANTED** without prejudice to any future appeal taken by these parties from any DRB action taken on this same application.  In addition, the motion to stay the appeal of Permit No. 19-082 for coordination with any future appeal of Permit No. 19-060 before this Court is **GRANTED**.

**So Ordered.**

Electronically signed on October 2, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Appellant David E. Carter
Robert S. DiPalma (ERN 3619), Attorney for the City of Winooski
Alexander J. LaRosa (ERN 5814), Attorney for Appellee/Applicant Mongeon Bay Properties, LLC